UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GHAZI ABU NAHL and NEST INVESTMENTS HOLDING LEBANON SAL, individually and on behalf of LEBANESE CANADIAN BANK,<br><br>              Plaintiffs,<br><br>      v.<br><br>GEORGES ZARD ABOU JAOUDE, MOHAMED HAMDOUN, AHMAD SAFA, OUSSAMA SALHAB, CYBAMAR SWISS GMBH, LLC, MAHMOUD HASSAN AYASH, HASSAN AYASH EXCHANGE COMPANY, and ELLISSA HOLDING COMPANY,<br><br>              Defendants,<br><br>      and<br><br>LEBANESE CANADIAN BANK,<br><br>              Nominal Defendant. | No. 15-cv-09755 (LGS) (JCF)<br><br>Before:  Hon. Lorna G. Schofield<br><br>Discovery Matters Assigned to:<br>      Magistrate Judge<br>      James C. Francis IV |

**PLAINTIFFS' APPLICATION FOR THE ISSUANCE OF REQUESTS FOR
INTERNATIONAL JUDICIAL ASSISTANCE (LETTERS ROGATORY)**

Plaintiffs Ghazi Abu Nahl and Nest Investments Holding Lebanon SAL respectfully petition this Court pursuant to Federal Rules of Civil Procedure 4(h) and 4(f)(2)(B) for the issuance of Requests for International Judicial Assistance (Letters Rogatory) to the courts of Lebanon and Togo, in order to effect service of process upon Defendants Georges Zard Abou Jaoude, Ahmad Safa, Oussama Salhab, Mahmoud Hassan Ayash, Hassan Ayash Exchange Company, Ellissa Holding Company, and Lebanese Canadian Bank.

Plaintiffs have attached to this application as Exhibits 1-7 a Request for International Judicial Assistance for each of these Defendants.  Plaintiffs respectfully request that the Court sign and affix its seal to each of these letters and return the letters with original signatures and seals to Plaintiffs' counsel for forwarding, along with the papers to be served and requisite certified translations, to the United States Department of State at the following address:

> Office of American Citizen Services
> CA/OCS/ACS
> U.S. Department of State
> SA-29 4th Floor
> 2201 C Street, NW
> Washington, DC 20520-0001

The U.S. Department of State will oversee transmission of the Requests for International Judicial Assistance to Lebanon and Togo through diplomatic channels as provided in 28 U.S.C. § 1781(a)(2), as well as their presentation to the requested courts in Lebanon and Togo.

Plaintiffs have included in the proposed Requests an expression by this Court of its willingness to reimburse the courts of Lebanon and Togo for costs incurred in executing these Requests, in accordance with the stated requirements of the U.S. Department of State.  See http://travel.state.gov/content/travel/english/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html; see also Fujitsu Ltd. v. Nanya Tech. Corp., 4:06-cv-06613-CW, Dkt. No. 41 (N.D. Cal. Dec. 27, 2006)

(signed Request for International Judicial Assistance for service of process in Taiwan).  Plaintiffs stand ready to reimburse this Court, the U.S. Department of State, or the courts of Lebanon and Togo for any expenses incurred in connection with the execution of these Requests for International Judicial Assistance.  Plaintiffs will also deposit with the Department of State six certified checks payable to the U.S. Embassy Lebanon and one payable to the U.S. Embassy Togo, one check for each Request and each check in the amount of $2,275, in accordance with the schedule of fees at 22 C.F.R § 22.1.

## BACKGROUND

### I.     The Money Laundering Scheme

This action was commenced with the filing of a Complaint on December 14, 2015, verified by Plaintiff Ghazi Abu Nahl.  As alleged in the Complaint, the Defendants participated in a money laundering scheme to transfer cash proceeds through Lebanon, West Africa, and the United States.  These proceeds supported Hezbollah.  The Complaint alleges that each of the Defendants played a key role in the money laundering scheme, and thereby violated the Racketeer Influenced and Corrupt Organizations Act.  As part of this scheme, Defendants fraudulently induced Plaintiffs to invest in the Lebanese Canadian Bank, and subsequently mismanaged the Bank to personally enrich themselves to the detriment of Plaintiffs.

### II.    Location of Defendants

Georges Zard Abou Jaoude, Ahmad Safa, Mahmoud Hassan Ayash, Hassan Ayash Exchange Company, Ellissa Holding Company, and Lebanese Canadian Bank are resident in Lebanon.  Lebanon is not a party to the Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Service Convention").

Oussama Salhab is resident in Togo. Togo is not a party to the Hague Service Convention.

**DISCUSSION**

Service upon foreign defendants may be issued through a variety of means and "Rule 4(f) does not create a hierarchy of preferred means of service[.]" Gramercy Ins. Co. v. Kavanagh, No. 3:10-CV-1254-D, 2011 WL 1791241, at *1 (N.D. Tex. May 10, 2011). A letter rogatory is a "document issued by one court to a foreign court[.]" Lantheus Med. Imaging, Inc. v. Zurich Am. Ins. Co., 841 F. Supp. 2d 769, 775 (S.D.N.Y 2012) (quoting Black's Law Dictionary 778 (9th ed. 2009)) (internal quotation marks omitted). Such requests from one court to another are "usually granted, by reason of the comity existing between nations in ordinary peaceful times." Int'l Soc'y for Krishna Consciousness, Inc. v. Lee, 105 F.R.D. 435, 438 n.3 (S.D.N.Y. 1984) (quoting The Signe, 37 F. Supp. 819, 820 (E.D. La. 1941)). "Both private parties, including corporations and natural persons, and governmental entities — whether in U.S. or foreign litigation — may seek the issuance of letters rogatory 'for use in both underlying civil lawsuits and underlying criminal prosecutions.'" Lantheus, 841 F. Supp. 2d at 776. The power of the federal courts to issue letters rogatory derives from 28 U.S.C. § 1781 and from the court's inherent authority. See, e.g., United States v. Reagan, 453 F.2d 165, 171-73 (6th Cir. 1971). Title 28, United States Code, Section 1781 states, in relevant part:

>  (a) The Department of State has power, directly, or through suitable channels . . .
>
>> (2) to receive a letter rogatory issued, or request made, by a tribunal in the United States, to transmit it to the foreign or international tribunal, officer, or agency to whom it is addressed, and to receive and return it after execution.

28 U.S.C. § 1781.

Service may be effected by letters rogatory when there is no internationally agreed means of service. Fed. R. Civ. P. 4(f)(2)(B). As noted above, Lebanon and Togo are not members of the Hague Service Convention and Plaintiffs are not aware of any other internationally agreed means of service that exists.

Issuance of letters rogatory is necessary to bring Defendants before this Court. Alternative means of service are unlikely be successful. See, e.g., Kaplan v. Hezbollah, 715 F. Supp. 2d 165, 166 (D.D.C. 2010) (service in Lebanon could not be effected by overnight delivery service because it could not be determined with certainty that such service complied with Lebanese law). Furthermore, such issuance will increase the likelihood that a judgment of this Court will be enforceable by courts in Lebanon and Togo against assets held there. See Edward Burton, Service of Process Abroad, Am. Bar Ass'n, Gen. Prac., Solo & Small Firm Div. Mag. (Oct. 1999) ("The great advantage of the letters rogatory procedure lies in the enforceability of the American judgment in the country where service of process was issued."); Government's Memorandum of Law in Support of Its Motion for Permission to Effect Service Through Alternative Means and Issuance of Letters Rogatory, United States v. Lebanese Canadian Bank SAL, No. 11 Civ. 9186 (PAE) (S.D.N.Y. May 4, 2012) ("The Government requests the issuance of letters rogatory not as an alternative to authorization to effect service by service on U.S. counsel, but in addition to that method of service in order to maximize the likelihood that a judgment in this matter will be enforceable in the relevant foreign jurisdictions.").

## CONCLUSION

For the reasons discussed above, Plaintiffs respectfully request that this Court:

(1) grant Plaintiffs' Application for Issuance of Requests for International Judicial Assistance (Letters Rogatory) and execute the Letters Rogatory, submitted herewith as Exhibits 1-7, and return such letters to Plaintiffs' counsel to perfect service on the Defendants in the Republics of Lebanon and Togo;

(2) order the Clerk of Court to reissue summonses clarifying that the Defendants must serve their respective answers to the Complaint on or before a date consistent with any scheduling order the Court may enter in this action; and

(3) issue certified copies of all documents to be served on each Defendant, specifically, (i) the Complaint, (ii) the Summons, (iii) the Scheduling Order, and (iv) Judge Schofield's Individual Rules of Practice.

Dated:   March 2, 2016

Respectfully submitted,

COVINGTON & BURLING LLP

By:   s/ Anthony Herman

Anthony Herman
One CityCenter
850 Tenth Street, NW
Washington, D.C. 20001
Tel: (202) 662-6000
Email: aherman@cov.com

*Attorneys for Plaintiffs*

- 5 -