# EXHIBIT 2

### JUDGMENT

#### In the name of the Lebanese people

The Tribunal of First Instance at Beirut, Chamber four, ruling in commercial affairs, composed of the President Georges Harb and the members Ihab Baasiri and Joe Khalil,

Upon verification and deliberation,

And in addition to the preliminary decision issued by this court on December 10, 2014,

Whereas it was found that the preliminary decision mentioned above presented the facts of the current case until the date of its issuance, and the reasons and the demands made by the two parties, and ruled:

**First:** To correct the rivalry and replace the name of the defendant bank the "Lebanese Canadian Bank SAL", to become the "Lebanese Canadian Bank SAL (Under Liquidation)".

**Second:** To correct the rivalry and to consider that the suit was filed against the defendant Georges Edward Zard Abu Jaoude in his personal capacity and in his capacity as a former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL and of LCB Investments (Holding) SAL and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation), and against the defendant Mohammed Ibrahim Hamdoun in his personal capacity and in his capacity as a former member of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL, and as a former member of the Board of Directors of LCB Investments (Holding) SAL and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation).

**Third:** To correct the rivalry and to replace Trust International Insurance and Reinsurance Company (Trust Re) with Nest Investments Holding Lebanon SAL in the current case, and to remove Trust International for Insurance and Reinsurance (Trust Re) from the trial.

**Fourth:** To accept in form the request of the intervention of Mr. Kamel Ghazi Abu Nahl and Mr. Fadi Ghazi Abu Nahl in the current case.

**Fifth:** To accept in form the request for the invocation of Societe Generale de Banque au Liban SAL in the current case.



# حكم

باسم الشعب اللبناني،

إنّ محكمة الدرجة الأولى في بيروت، الغرفة الرابعة، الناظرة في القضايا التجاريّة، المؤلّفة من الرئيس جورج حرب والعضوين إيهاب بعاصيري وجو خليل،

لدى التدقيق والمذاكرة،

وعطفاً على القرار المختلط الصادر عن هذه المحكمة بتاريخ ٢٠١٤/١٢/١٠،

حيث تبيّن أن القرار المختلط المذكور أعلاه عرض وقائع الدعوى الراهنة لغاية تاريخ صدوره والأسباب والمطالب المدلى بها من قبل الفريقين، وقضى؛

أولاً؛ بتصحيح الخصومة واستبدال تسمية المصرف المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. لتصبح "شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)"،

ثانياً؛ بتصحيح الخصومة واعتبار أن الدعوى مقامة يوجه المدعى عليه جورج إدوار زرد أبو جوده بصفته الشخصيّة وبصفته رئيس مجلس إدارة – مدير عام سابق للبنك اللبناني الكندي ش.م.ل. ولشركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، ويوجه المدعى عليه محمد ابراهيم حمدون بصفته الشخصيّة وبصفته عضو مجلس إدارة – مدير عام مساعد سابق للبنك اللبناني الكندي ش.م.ل. وبصفته عضو مجلس إدارة سابق في شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)،

ثالثاً؛ بتصحيح الخصومة وإحلال شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. في الدعوى الراهنة مكان شركة ترامت العالميّة للتأمين وإعادة التأمين ش.م.ب. مقابلة ترست ري، وإخراج هذه الأخيرة من المحاكمة،

رابعاً؛ بقبول طلب التدخّل المتقدم من السيّدين كامل غازي أبو نحل وفادي غازي أبو نحل في الدعوى الراهنة شكلاً،

خامساً؛ بقبول طلب إدخال مصرف سوسيته جنرال في لبنان ش.م.ل. في الدعوى الراهنة شكلاً،

سادساً؛ بعدم قبول طلب إبطال القرار الأول والثاني والثالث والرابع من محضر الجمعيّة العموميّة العاديّة لمساهمي المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، والتي انعقدت بتاريخ ٢٠١٠/٥/٢٦،

سابعاً؛ بعدم قبول طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن الضرر الناتج عن أخطائهما في إدارة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل،

ثامناً؛ برد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين نتيجة أعمال التصفية، للأسباب الواردة في متن هذا القرار،

تاسعاً؛ بإعادة فتح المحاكمة وقيد الدعوى على جدول المرافعات،



١/١

Societe Generale de Banque au Liban SAL to pay any damage that may be imposed on the defendant bank on the grounds that all the obligations and duties of the latter have been transferred to it, and to appoint an expert or an experts committee to determine all material and moral damages suffered by the defendant bank and its shareholders as a result of the faults committed by the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun.

And it turns out that on May 13, 2015, the defendants composed of the Lebanese Canadian Bank (under liquidation), and Georges Edward Zard Abu Jaoude, and Mohamed Ibrahim Hamdoun have filed a motion in implementation of the preliminary decision, reiterating their statements and demands, and they stated that the injured party must prove that the criminal act was committed by a member of the Board of Directors and prove the extent of the damage caused by that act and the causal link between the act and the injury, while the Plaintiffs merely alleged that the Chairman of the defendant bank and its General Manager have dominated the management and concluded that they must be asked for damages as a result of their erroneous conduct.

And that all the investments financed by the defendant bank were approved by the Holding Company pursuant to decisions taken unanimously by the Board of Directors based on the recommendation of the committee of contributions and participations in the bank. Moreover, each capital increase of a subsidiary was made by virtue of decisions taken by the board of directors of the holding company pursuant to the financing decision continuously taken by the board of directors of the defendant bank. Knowing that, 96% of the decisions of the board of directors of the defendant bank were taken unanimously, with the participation of representatives of the plaintiffs and the interveners Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl; they also held positions in the majority of the bank's special committees, and no objections were recorded from any of the board members to the decisions related to external investments.

And that the report organized by the liquidators of the defendant bank provides a full explanation of the measures taken and the results achieved in order to preserve the rights of the bank and the interests of its shareholders. The report shows that once the transfer of assets and liabilities of the bank have been fully realized, the invoked party Societe Generale de Banque au Liban considered that the amount of debts which should be audited is $600,000 out of a total portfolio of $1,900,000,000, which consists more than 31%; so it was agreed with the invoked party to deduct any amount of $148,000,000 from the transfer price and deposit it in a First Escrow Account, and also an amount of $150,000,000 was deducted and deposited in another escrow account to cover the debts under review. But as a result of the great efforts exerted by the liquidators, especially the defendant Mohammed Ibrahim Hamdoun, it was reached in less than two months to release the entire First Escrow Account through the settlement of debts that were considered dead; also the customers have been prosecuted which led to a reduction of the list of

4



| هامش |
|---|

والتضامن في ما بينهما تعويضاً عن الضرر اللاحق بهما من جراء تدني حقوقهما في المصرف المدعى عليه نتيجة أعمال الغش التي ارتكباها ونتيجة قيامهما بمخالفة القوانين والأنظمة ونظام المصرف الأساسي وذلك سنداً لأحكام المادة ١٦٦ من قانون التجارة، كما طلبا تحميل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتكافل والتضامن في ما بينهما جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكررة في الإدارة، وإلزامهما بأن يسددا لهما بالتكافل والتضامن في ما بينهما التعويض العائد لهما سنداً لأحكام المادتين ١٦٧ و١٦٨ من قانون التجارة، مع العلم أنهما يقذران من مجمل الأضرار المطالب بها بمبلغ يبلغ قدره /٨١،٠٠٠،٠٠٠/ د.أ، كما طلبا إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبررة التي قبضها كمصنّف، وإلزام المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. بتسديد أي عطل وضرر قد يحكم به على المصرف المدعى عليه على اعتبار أن جميع التزامات وموجبات هذا الأخير انتقلت إليه، وتعيين خبير أو لجنة خبراء من أجل تحديد جميع الأضرار المادية والمعنوية التي لحقت بالمصرف المدعى عليه ويسامميه من جراء الأخطاء المرتكبة من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون،

وتبين أنه بتاريخ ٢٠١٥/٥/١٣، قدّمت الجهة المدعى عليها المؤلّفة من كلّ من البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، وجورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون، لائحة جوابية إنفاذاً للقرار التمهيدي، كرّرت بموجبها إدلاءاتها ومطالبها، وأدلت فيها بأنه يقتضي على المتضرّر أن يثبت اقتراف الفعل الجرمي من قبل أحد أعضاء مجلس الإدارة دون سواه، وأن يثبت مدى الضرر الذي نتج عن ذلك الفعل والرابطة السببية بين الفعل والضرر، بينما الجهة المدعية اكتفت بالزعم أن رئيس مجلس إدارة المصرف المدعى عليه ومديرو العام استأثرا وانفردا بالإدارة، واستنتجت أنهما يسألان عن الأضرار لأنها ناتجة بصورة رئيسية عن تصرفاتهما الخاطئة،

وبأن جميع التوظيفات والاستثمارات التي مؤلها المصرف المدعى عليه أقرّت عبر الشركة القابضة بموجب قرارات اتخذها مجلس الإدارة وبالإجماع بناءً على توصيات لجنة المساهمات والمشاركات في المصرف، كما أن كل زيادة لرأسمال إحدى الشركات التابعة كانت تتمّ بموجب قرارات تتخذ في مجلس إدارة الشركة القابضة بالاستناد إلى قرار التمويل المتخذ دائماً بإجماع أعضاء مجلس إدارة المصرف المدعى عليه، مع العلم أن ٩٦% من قرارات مجلس إدارة المصرف المدعى عليه كانت تتخذ بالإجماع بمشاركة ممثلي الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كل من السيد كامل غازي أبو نحل والسيّد غازي أبو نحل، كما أن هؤلاء تولوا مناصباً أساسية في أغلبية اللجان الخاصة في المصرف، كما أنه لم يتم تدوين أي اعتراض من أي من أعضاء مجلس الإدارة على القرارات المتعلّقة بالتوظيفات والاستثمارات الخارجيّة،

وبأن التقرير المنظّم من قبل مصفيي المصرف المدعى عليه تضمّن شرحاً وافياً للإجراءات المتّخذة والنتائج المحقّقة من أجل المحافظة على حقوق المصرف ومصالح المساهمين فيه، وتبيّن من التقرير المذكور أنّه فور حصول التفرّغ عن موجودات ومطلوبات المصرف، اعتبر المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. أن الديون الواجب مراجعتها تبلغ /٦٠،٠٠٠،٠٠٠/ د.أ. من أصل مجموع المحفظة البالغ /١،٠٩٠،٠٠٠،٠٠٠/ د.أ، أي بنسبة تفوق /٣١%، ثم التوافق مع المقرّر إدخاله المذكور على اقتطاع مبلغاً قدره /١٤٨،٠٠٠،٠٠٠/ د.أ. من أصل ثمن التفرّغ تم إيداعه في حساب حراسة أول، كما اقتطع مبلغاً قدره /١٥٠،٠٠٠،٠٠٠/ د.أ. تم إيداعه في حساب حراسة آخر من أجل تغطية الديون قيد المراجعة، ولكن نتيجة الجهود الجبارة التي بذلها المصفيان وخاصةً المدعى عليه محمد ابراهيم حمدون، تم التوصل خلال أقل من شهرين إلى تحرير كامل حساب الحراسة الأول من خلال تسوية الديون التي كانت معتبرةً هالكةً، كما تحت ملاحظة العملاء وقد أسفر ذلك عن تخفيض لائحة الديون من /٦٠،٠٠٠،٠٠٠/ د.أ. إلى /٥٦،٠٠٠،٠٠٠/ د.أ. في منتصف العام ٢٠١٢، وإلى /٣٥،٩٠٠،٠٠٠/ د.أ. بتاريخ ٢٠١٣/٦/٣٠،

وبأنّ رصيد الديون التي لا تزال عالقة حالياً يبلغ مبلغاً قدره /١٢،٠٠٠،٠٠٠/ د.أ.

وبأنّه لا يجوز مساءلة المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون عن الإتهام الموجّه من الإدارة الأميركية إلى المصرف المدعى عليه فقط لأنهما كانا يتوليان لجنة مكافحة تبييض الأموال في

٥/٣

debts from $600,000,000 to $56,000,000 mid 2012, and to $35,900,000 on June 30, 2013, and that the outstanding debt balance currently stands at $ 12,000,000.

And that the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun should not be held accountable for the charges against the defendant bank from the US administration just because they were holding the Anti-Money Laundering committee in the bank.

And that it was decided at the General Assembly of the shareholders of the defendant bank convened on April 28, 2015, and by a majority of 75% of the votes of the shareholders, to grant the liquidator Mohammad Ibrahim Hamdoun a bonus equal to his annual fees in recognition of his efforts during the four years, which led to the reduction of doubtful debts to unprecedented rates.

And the defendants requested to correct the material error set out in the preliminary decision of this Court dated February 10, 2014 concerning the designation of the holding company LCB Investments (Holding) SAL, which was inadvertently stated as Nest Investments Holding Lebanon SAL.

And it turns out that on June 17, 2015, the plaintiffs composed of Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding Lebanon SAL, Trust International Insurance and Reinsurance Company (Trust Re), Qatar General Insurance and Reinsurance Company SAQ, Jordanian Expatriates Invest. Holding Co., Trust International Insurance Company (Cyprus) Limited, and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, have filed a motion reiterating their statements and demands, and they stated the provisions of the second paragraph of Article 170 of the Law of Commerce does not apply unless the liability is shared by all members of the Board of Directors.

And that the defendants' allegations are incorrect that the false placements and credit had been had been submitted to the Board of Directors which had approved it; Also, the figures alleged by the Defendants, taken from a report prepared by the Defendants Georges Edward Zard Abou Jaoude, and Mohammed Ibrahim Hamdoun on April 8, 2015, and the report prepared by the auditors, are inaccurate and ambiguous figures.

And it turns out that on June 23, 2015, the Invoked Party, Societe Generale De Banque Au Liban SAL, submitted a second motion, reiterating its previous statements and demands,

And it turns out that on October 6, 2015, Antoine Merheb Esq., being the attorney for the plaintiffs composed of Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding

5



المصرف،

وبأنّه تقرّر بمعرض الجمعيّة العموميّة لمساهمي المصرف المدعى عليه المنعقدة بتاريخ ٢٠١٥/٤/٢٨، وبأكثريّة ٧٥% من أصوات المساهمين منح المصفي محمد ابراهيم حمدون مكافأة بمبلغ يوازي بدل أتعابه السنويّة، وذلك تقديراً للجهود التي بذلها خلال السنوات الأربعة والتي أدّت إلى تخفيض الديون المشكوك في تحصيلها إلى معدلات غير مسبوقة،

وطلب المدعى عليهم تصحيح الخطأ المادي الذي ورد في القرار التمهيدي الصادر عن هذه المحكمة بتاريخ ٢٠١٤/٢/١، والمتعلّق بتسمية الشركة القابضة أل سي بي انفستمنز هولدنغ ش.م.ل. والتي وردت سهواً أنّها شوكة نست انفستمنز هولدنغ لبيانون ش.م.ل،

وتبيّن أنّه بتاريخ ٢٠١٥/٦/١٧، قدّمت الجهة المدعية المؤلّفة من كلّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني أل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين و إعادة التأمين ش.م.ب.، مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثمارية القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، لائحة جوابيّة، كرّرا بموجبها إدلاءاتهما ومطالبهما، وأدلتا فيها بأنّ أحكام الفقرة الثانية من المادة ١٧٠ من قانون التجارة لا تطبّق إلا إذا كانت التبعة مشتركة بين جميع أعضاء مجلس الإدارة،

وبأنّه لا صحّة لإدلاءات المدعى عليهم بأنّ جميع التوظيفات والتسليفات الخاطئة التي قاموا بها قد عرضت على مجلس الإدارة الذي وافق عليها، كما أنّ الأرقام التي يتذرّع بها المدعى عليهم والمأخوذة عن التقرير المنظّم من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بتاريخ ٢٠١٥/٤/٨، وعن تقرير مفوضي المراقبة هي أرقام غير دقيقة وملتبسة،

وتبيّن أنّه بتاريخ ٢٠١٥/٦/٢٣، قدّم المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل، لائحة جوابيّة ثانية، كرّر بموجبها إدلاءاته ومطاليه،

وتبيّن أنّه بتاريخ ٢٠١٥/١٠/٦، قدّم المحامي أنطوان مرعب، وكيل الجهة المدعية المؤلّفة من كلّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني أل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثمارية القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، كتاب اعتزأله لوكالاته عن كل من أعضاء الجهة المدعية والمقرّر إدخالها المذكورين أعلاه،

وتبيّن أنّه بتاريخ ٢٠١٥/١٢/٢، قدّمت الجهة المدعية المؤلّفة من كلّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني أل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب.، مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثمارية القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، بواسطة وكيلهما الجديد المحامي مازن خليفة، لائحة جوابيّة، كرّرتا بموجبها إدلاءاتهما ومطالبهما،

وتبيّن أنّه خلال جلسة المحاكمة المنعقدة بتاريخ ٢٠١٦/٢/١، ترافع وكيل الجهة المدعية المؤلّفة من كلّ




violation of the laws, regulations, and the Bank's by-laws, pursuant to the provisions of Article 166 of the Law of Commerce. Moreover, they also requested that Georges Edward Zard Abou Jaoude and Mohammed Ibrahim Hamdoun jointly bear all damages to the defendant's bank resulting from gross and recurrent faults in management, and compel them to jointly settle compensation pursuant to the provisions of Articles 167 and 168 of Law of Commerce, estimated at an amount of $8,000,000.

Whereas, it appears from reviewing the writ of summons, and the several motions submitted by the each of the Plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazi Abou Nahl), that they claimed that the faults attributed to the defendants Georges Zard Abou Jaoude and Mohammed Ibrahim Hamdoun are mainly related to the policy of external investments adopted by the bank's management and to the lending policy and to the problems that the bank faced with the US administration.

Whereas paragraph 1 of Article 170 of the Law of Commerce states the following:

"Liability may be either individual and particular to one of the Directors, or common to all, in which case they shall be jointly held for the payment of indemnity, unless a number of them has protested against the resolution taken in spite of them and has their objection inserted in the minutes."

Whereas it appears that this court has assigned the parties by virtue of the preliminary decision issued on December 10, 2014, to discuss the matter of the extent to which the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun can be held accountable without the other members of the Board of Directors of the defendant bank and the Holding company, in light of the provisions of Article 170 of the Law of Commerce previously stated.

Whereas it appears that the Plaintiffs and the interveners Kamel Ghazi Abou Nahl and Mr. Fadi Ghazi Abou Nahl have stated in the course of their response to the previously mentioned preliminary decision, that the damages complained of in the present case are, mainly and exclusively, the result of the acts and actions of the general management, i.e. the Chairman of the Board the defendant Georges Edward Zard Abu Jaoude and the member assigned with the management of the bank with him the defendant Mohammed Ibrahim Hamdoun. They then added that in principle the responsibility of the board members, pursuant the provisions of Article 170 of the Law of Commerce, is personal and particular to each member for every crime or quasi-crime or fault committed, and in proportion to the damage caused by him, and the responsibility shall not be joint between the members of the Board of Directors unless the damage complained of is the result of a mutual and indivisible decision.

Whereas it therefore appears that the Plaintiffs and the interveners Kamel Ghazi Abou Nahl and Mr. Fadi Ghazi Abou Nahl have limited their claims to the individual liability of the Defendants

8



"الشركة نسبت إنفستمنتَز هولدنغ ليبانون ش.م.ل."، في حين أنّ إسمها الصحيح هو "الشركة أل سي بي إنفستمنتَز (هولدنغ) ش.م.ل."، وقد تكرّر هذا الخطأ ايضاً في الفقرة الحكميّة من القرار التمهيدي المذكور وتحديداً في البند "سابعاً" منه،

وحيث يتبيّن أنّ الخطأ المذكور أعلاه والواقع على إسم الشركة القابضة هو مجرّد خطأ مادي يمكن لهذه المحكمة تصحيحه سنداً لأحكام المادة ٥٦٠ أ.م.م، الأمر الذي يقتضي معه تصحيحه واستبدال إسم "الشركة نسبت إنفستمنتَز هولدنغ ليبانون ش.م.ل." بإسم "الشركة أل سي بي إنفستمنتَز (هولدنغ) ش.م.ل." أينما ورد في الفقرة "خامساً" من القرار المختلط الصادر عن هذه المحكمة بتاريخ ٢٠١٤/١٢/١٠ وفي الفقرة "سابعاً" من الفقرة الحكميّة العائدة للقرار التمهيدي المذكور،

## ثانياً ــ في مسؤوليّة المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون نتيجة مخالفة القانون والأنظمة ونتيجة الأخطاء في إدارة المصرف المدعى عليه،

حيث تطلب الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٌ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بأن يسدّدا إليهما بالتكافل والتضامن في ما بينهما تعويضاً عن الضرر اللاحق بهما من جراء تدني حقوقهما في المصرف المدعى عليه نتيجة أعمال الغش التي ارتكباها ونتيجة قيامهما بمخالفة القانون والأنظمة ونظام المصرف الأساسي وذلك سنداً لأحكام المادة ١٦٦ من قانون التجارة، كما تطلبان تحميل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتكافل والتضامن في ما بينهما جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة، وإلزامهما بأن يسدّدا لهما بالتكافل والتضامن في ما بينهما التعويض العائد لهما سنداً لأحكام المادتين ١٦٧ و١٦٨ من قانون التجارة، وهما تقدّران مجمل الأضرار المطالب بها بمبلغ يبلغ قدره /٨،٠٠٠،٠٠٠/ د.أ،

وحيث يتبيّن من مراجعة استحضار الدعوى الراهنة ومجمل اللوائح المقدّمة من قبل الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٌ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، أنّهما تدّليان بأنّ الأخطاء المنسوبة إلى المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون تتعلّق بشكلٍ أساسي بسياسة التوظيفات الخارجيّة التي اعتمداها في إدارة المصرف وبسياسة التسليف وبالمشاكل التي تعرّض لها المصرف مع الإدارة الأميركيّة،

وحيث تنصّ الفقرة الأولى من المادة ١٧٠ من قانون التجارة على ما حرفيته:
"الكون التبعة فرديّة مختصّة بعضو واحد من أعضاء مجلس الإدارة
وإنّما مشتركة فيما بينهم جميعاً. وفي هذه الحالة يكونون ملزمين كلّهم
على رجه التضامن بإداء التعويض إلّا إذا كان فريق منهم قد
اعترض على القرار المتخذ بالرغم منه وذكر اعتراضه في
المحضر."

وحيث يتبيّن أنّ هذه المحكمة كلّفت فرقاء الدعوى الراهنة بموجب القرار المختلط الصادر عنها بتاريخ ٢٠١٤/١٢/١٠، بمناقشة مسألة مدى إمكانية مساءلة المدعى عليه جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون دون سواهما من بقية أعضاء مجلس الإدارة في المصرف المدعى عليه وفي الشركة القابضة، على

٩/٦



Georges Edward Zard Abou Jaoude and Mohammed Ibrahim Hamdoun, which requires the exclusion of the joint liability of all members of the Board of Directors of the Bank, and look into the personal faults committed by the Defendants Georges Edward Zard Abou Jaoude and Mohammed Ibrahim Hamdoun during the course of the management of the bank and more particularly into their lending and foreign investments policies.

And whereas, the individual liability presupposes the existence of an action, conduct or an individual personal act performed by the defendant in such a way as to constitute a fault, And whereas, the defendant bank is a Lebanese joint stock company, therefore, its management body is basically constituted from a board of directors comprising a number of members which set the policy of the bank in addition to its activities and directions, therefore, all the decisions that set these policies are supposed to be issued in a collective manner by the board of directors no matter who is the party that controls the decision inside the said board of directors.

And whereas, the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl, did not provide any proof that the court can rely on in order to consider that the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun were working in the management of the bank in an individual way and setting alone the lending and foreign investments policies without getting back to the board of directors which is constituted from several members, among them members who represent the plaintiffs and the interveners. Furthermore, and after reviewing the related writ of summons and the motions submitted by the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl, we find that they merely made statements that the defendants managed the bank alone and they bear all the responsibility without anyone else, without providing any proof evidencing that the defendants were setting the policies of the bank without getting back to the board of directors.

And as per all of the above mentioned, and since the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl did not provide any proof that establishes the individual responsibility of the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun in the management of the bank and setting lending and foreign investments policies and other things, and regardless of the existence or the inexistence of faults on behalf of the bank's management in this regard, the request of compelling the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun, to pay to the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl a compensation for their responsibility of the damage resulting from the devaluation of their rights in the defendant bank and of all the damages occurred to the defendant bank resulting from the gross and recurrent faults in the management, should be rejected.

9



ضوء أحكام المادة ١٧٠ المذكورة أعلاه،

وحيث يتبيّن أن الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أدلتا بمعرض جوابيهما على القرار المختلط المذكور أعلاه بأنّ الأضرار المشكو منها في الدعوى الراهنة ناتجة بصورة رئيسيّة وحصريّة عن أعمال وتصرّفات انفردت بها الإدارة العامة أي رئيس مجلس الإدارة المدعى عليه جورج إدوار زرد أبو جوده والعضو المكلّف معه بإدارة المصرف المدعى عليه محمد ابراهيم حمدون، وأضافتا أنّه بالمبدأ تكون مسؤوليّة أعضاء مجلس الإدارة سنداً لأحكام المادة ١٧٠ من قانون التجارة شخصيّة وخاصة بكل عضو عن كل جرم أو شبه جرم أو خطأ يرتكبه وبنسبة الضرر الذي يسبّبه، ولا تكون المسؤوليّة تضامنيّة تضامنيّة بينهم إلا إذا كان الضرر المشكو منه ناتجاً عن قرار مشترك غير قابل للتجزئة،

وحيث يتبيّن بالتالي أن الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل حصرتا إدلاءاتهما بالمسؤوليّة الفرديّة للمدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون، الأمر الذي يقتضي معه استبعاد المسؤوليّة المشتركة بين جميع أعضاء مجلس إدارة المصرف المدعى عليه والبحث في الأخطاء الشخصيّة المرتكبة من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون في إدارة المصرف وسياساتهما في ما يتعلّق بالتسليفات وبالتوظيفات الخارجيّة،

وحيث إن المسؤوليّة الفرديّة تفترض وجود عمل أو تصرّف أو فعل فردي قام به المدعى عليه بشكلٍ يمكن معه اعتبار أنّه يشكّل خطأً من قبله،

وحيث إن المصرف المدعى عليه هو شركة مساهمة لبنانيّة، وبالتالي يتألّف جهازه الإداري بشكلٍ أساسي من مجلس إدارة يضمّ عدداً من الأعضاء ويتولّى تحديد سياسة المصرف وأعماله وتوجّهاته، وبالتالي إنّ جميع القرارات التي تحدّد تلك السياسات من المفترض أن تكون قد صدرت بشكلٍ مشترك عن مجلس الإدارة بغض النظر عن الجهة التي تسيطر على القرار داخل المجلس المذكور،

وحيث بالمقابل إنّ الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل لم يقدّما أي دليل يمكن للمحكمة الإستناد إليه من أجل اعتبار أن المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون كانا يعملان في إدارة المصرف بشكلٍ منفرد ويقومان بتحديد سياسة التسليفات والتوظيفات الخارجيّة بمفردهما ومن دون العودة إلى مجلس الإدارة الذي يتألّف من عدّة أعضاء ومن ضمنهم أعضاء يمثلون الجهة المدعية والجهة المقرّر إدخالهما، بل يتبيّن من مراجعة استحضار الدعوى الراهنة واللوائح المقدّمة تباعاً من الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أنّهما اكتفيا بعرض الإدلاءات لجهة قيام المدعى عليهما بإدارة المصرف بمفردهما ولجهة انحصار المسؤوليّة بهما دون سواهما، من دون أن يقدّما أي دليل يثبت أن المدعى عليهما كانا يحدّدان سياسة المصرف من دون العودة إلى مجلس الإدارة،

وحيث انطلاقاً من مجمل ما تمّ عرضه أعلاه، وبما أنّ الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل لم يقدّما أي دليل على قيام مسؤوليّة فرديّة على المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون في إدارة المصرف وتحديد سياسات التسليف والتوظيفات الخارجيّة وغيرها من الأمور، وبغض النظر عن مدى وجود أخطاء في تلك المجالات من قبل إدارة المصرف أو عدمه، ويقتضي معه ردّ طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بأن يسدّدا إلى الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل تعويضاً ناتجاً عن مسؤوليّتهما عن الضرر اللاحق بهما من جراء تدني حقوقهما في المصرف المدعى عليه وعن جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة،

## Third: Regarding the request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator

And whereas, the plaintiff and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator.

And whereas, the resolution pertaining the determination of the compensation that the defendant Mohamad Ibrahim Hamdoun should receive as a liquidator of the defendant bank has been taken by the ordinary general assembly of the bank's shareholders that was convened on May 4, 2012, and the aforementioned decision was taken by a majority of 237,088,140 votes out of 305,760,000 votes forming this assembly, i.e. 77.54 % of the votes.

And whereas, in counterpart, the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl did not provide any proof that establishes the existence of an abuse by the above mentioned majority on which it can rely on in order to revoke the aforementioned resolution and compel the defendant liquidator Mohamad Ibrahim Hamdoun to give back the amounts he received. Moreover, they didn't provide any proof that establishes the invalidity or unlawfulness of the aforementioned resolution from the formal and substantial perspectives; hence the request of compelling the defendant Mohamad Ibrahim Hamdoun to give back such amounts should be rejected.

And whereas, and giving such result, all other reasons and additional and dissenting requests must be rejected, including the designation of a committee of experts, either for being answered implicitly in the above mentioned explanation or for their futility.

### Therefore,

### Rules unanimously:

**First:** To rectify the material error set out in the preliminary decision issued by the present court on December 10, 2014, and replace the company name "Nest Investments Holding Lebanon SAL" with the company name "LCB Investments (Holding) SAL" wherever it was mentioned in paragraph 5 of the aforementioned decision and in item "Seventh" of the judgment clause related to it.

**Second:** To reject the request to compel the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun to compensate for any devaluation in the shareholders' rights and for all the bank's damages resulting from the gross and recurrent faults in the management, for the reasons mentioned in the present judgment.

10



**ثالثاً ــ في طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصفٍ**

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٌّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصفٍ،

وحيث يتبيّن أن قرار تحديد قيمة التعويض الذي يتقاضاه المدعى عليه محمد ابراهيم حمدون بصفته مصفٍ للمصرف المدعى عليه صدر عن الجمعيّة العموميّة العاديّة لمساهمي المصرف التي انعقدت بتاريخ ٢٠١٢/٥/٤، وقد صدر القرار المذكور بأكثريّة ٢٣٧،٠٨٨،١٤٠/ صوتاً من أصل ٣٠٥،٧٦٠،٠٠٠/ صوتاً تتألّف منهم تلك الجمعيّة أي بنسبة ٧٧،٥٤% من الأصوات،

وحيث بالمقابل لم تقدّم الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٌّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أي دليل يثبت وجود تعسّف من قبل الأكثريّة المذكورة أعلاه يمكن الإستناد إليه من أجل إبطال القرار المذكور وإلزام المصفي المدعى عليه محمد ابراهيم حمدون بإعادة الأموال التي تقاضاها، كما لم تقدّما أي دليل يثبت عدم صحّة أو عدم قانونيّة القرار المذكور من الناحيتين الشكليّة والموضوعيّة، الأمر الذي يقتضي معه رد طلب إلزام المدعى عليه محمد ابراهيم حمدون بإعادة تلك الأموال،

وحيث بالوصول إلى هذه النتيجة، يقتضي رد سائر الأسباب والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء، إمّا لأنها لاقت جواباً ضمنيّاً في التعليل المساق أعلاه وإمّا لعدم الجدوى،

**لذلك،**

**تحكم بالإجماع:**

أولاً ــ بتصحيح الخطأ المادي الوارد في القرار المختلط الصادر عن هذه المحكمة بتاريخ ٢٠١٤/١٢/١٠، واستبدال إسم "شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل." بإسم "شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل." أينما ورد في الفقرة "خامساً" من القرار المذكور، وفي الفقرة "سابعاً" من الفقرة الحكميّة العائدة له،

ثانياً ــ برد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين وعن جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمذكورة في الإدارة، للأسباب الواردة في متن هذا الحكم،

ثالثاً ــ برد طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ التي قبضها بصفته مصفٍ، للأسباب الواردة في متن هذا الحكم،

رابعاً ــ برد سائر الإدلاءات والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء،

**Third:** To reject the request to compel the defendant Mohamad Ibrahim Hamdoun to give back the amounts that he received as a liquidator to the defendant bank, for the reasons mentioned in the present judgment.

**Fourth:** To reject all other statements and additional and dissenting requests, including the request of designating a committee of experts.

**Fifth:** To make each of the plaintiffs Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding Lebanon SAL, Trust International Insurance and Reinsurance Company (Trust Re), Qatar General Insurance and Reinsurance Company SAQ, Jordanian Expatriates Invest. Holding Co., Trust International Insurance Company (Cyprus) Limited, and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, pay all the legal fees.

Judgment rendered publicly in Beirut on March 2, 2016

The Clerk   The member (Joe Khalil)   The member (Ihab Baasiri)   The President (Georges Harb)
Signed      Signed                     Signed                      Signed



11

خامساً ــ يتضمن الجهة المدعية المؤلّفة من كلٍّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني
آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة
نمت إنفستمنتز هولدنغ ليبانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست
ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين
م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد
كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، النفقات القانونيّة كافة،

حكماً صدر وأفهم علناً في بيروت بتاريخ ٢٠١٦/٣/٢

الرئيس (جورج حرب)        العضو (إيهاب بعاصيري)        العضو (جو خليل)        الكاتبة