# EXHIBIT 3



*NOUJEIM TRANSLATION OFFICE*
*Translation — Consultant — Legalization*
*Tel / Fax.: 01/380912/13 ; Mobile : 03/356045*
E-mail:njeimtranslation@hotmail.com

*L5*

---

147/2011

## DECISION
### In the name of the Lebanese people

The Tribunal of First Instance at Beirut, Chamber four, ruling in commercial affairs,

Formed of the judge Mr. Georges HARB, President and judges Ihab BAASSIRI and Joe KHALIL, members

Upon verification and deliberation,

It appears that on May 26, 2011, the plaintiffs, formed of Mr. Ghazi Kamel ABOU NAHL, Sheikh Nasser Ali SaoudThani Al-Thani, Mr.Jamal Kamel ABOU NAHL, Mr. Hamad Ghazi ABOU NAHL, COMPASS Insurance Company S.A.L., Nest Investments Holding Lebanon S.A.L., International Trust Company for Insurance and Reinsurance S.A., General Qatari Insurance and Reinsurance Company S.A.Q.,Jordanian Immigrant Investment Holding Company, International Insurance Trust Company,(Cyprus) Ltd,filed through their legal attorneys-at-law Mr. Richard CHEMALI and Mr. Antoine MERHEB a writ of summons against the defendantsformed of the Lebanese Canadian Bank S.A.L. , Mr. Georges Edward Zard ABOU JAOUDE as chairman of the board of directors – General manager of the Lebanese Canadian Bank S.A.L., the company L.C. B Investments (Holding) S.A.L.) and Mr. Mohammad Ibrahim HAMDOUN as member of the board of Directors and deputy General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company L.C.B. Investments (Holding) S.A.L., exposing that

They own about 23.58% of the share capitalof the defendant Bank, that they were all the time insisting through the members of the board of directors, namely General Qatari Insurance and Reinsurance Company

<div dir="rtl">

## قرار
## باسم الشعب اللبناني،

إنّ محكمة الدرجة الأولى في بيروت، الغرفة الرابعة، الناظرة في القضايا التجاريّة، المؤلّفة من الرئيس جورج حرب والعضوين إيهاب بعاصيري وجو خليل،

### لدى التدقيق والمذاكرة،

تبيّن أنّه بتاريخ ٢٠١١/٥/٢٦، قدّمت الجهة المدعية المؤلّفة من كلّ من السيد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كوسماس للتأمين ش.م.ل، وشركة نسكّ إنفستمنتز هولدنغ ليبانون ش.م.ل، وشركة ترامست العالميّة للتأمين وإعادة التأمين ش.م.ب، مقفلة ترمست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الإستثماريّة القابضة للمغاربين الأردنيين م.ع.م وشركة ترست العالميّة للتأمين (ذ.م ص) المحدودة، بواسطة وكيليها المحاميين ريشار القسماني رأنطوان مرعب، مستحصلاً بوجه الجهة المدعى عليها المؤلّفة من كلّ من البنك اللبناني الكندي ش.م.ل، والسيّد جورج إدوار زرد أبو جوده بصفته رئيس مجلس إدارة – مدير عام البنك اللبناني الكندي ش.م.ل، وشركة آل سي سي إنفستمنتز (هولدنغ) ش.م.ل، والسيّد محمد ابراهيم حمدون بصفته عضو مجلس إدارة ومدير عام مساعد البنك اللبناني الكندي ش.م.ل، وعضو مجلس إدارة شركة آل سي سي إنفستمنتز (هولدنغ) ش.م.ل، عرضت فيه أنها تملك حوالي ٢٣،٥٨٪ من رأسمال المصرف المدعى عليه، وأنّها كانت دائماً تشدّد من خلال أعضاء مجلس الإدارة الشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق. والشركة الاستثماريّة القابضة المغاربين الأردنيين م.ع.م. وشركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل، على وجوب اعتماد مبادئ الإدارة الرشيدة وعلى احترام الـ٠٠٠بدة مجلس الإدارة الـهيس عليه من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون،

وأنّه بمعرض اجتماع مجلس إدراة المصرف المدعي عليه المنعقد بتاريخ ٢٠١٠/٣/٣١ من أجل ابقاف حسابات العام ٢٠٠٩، طالب المدعي غازي كامل أبو نحل بأن يقدّم لأعضاء مجلس الإدارة معلومات مفصّلة عن الوضعية والبيانات المالية لأنّ المعلومات الموضوعة بين أيديهم غير كافية،

وأنّه أمام عدم استجابة الجهة المدعي عليها رفضت الجهة المدعية إلى الجمعية العمومية العادية الّتي انعقدت بتاريخ ٢٠١١/٥/٢٦، مذكرةً من أجل التذكير بيعض الأصول البديهيّة التي نرعى أعمال الشركات المغفلة والمصارف، لا سيما في ما يتعلّق باحترام صلاحيات مجلس الإدارة واللجان الـخصنصة، ورفضت الجهة المدعية بموجب المذكرة المذكورة إبراء ذمّة الإدارة حاصـةً لناحية سوء إدارة شركة تبادل للأسهم والسندات ش.ذ م.م. التي أسّسها الدمصرف المدعي عليه في العام ٢٠٠٦ من خلال شركة قاعضة هي شركة آل سي بي إنفستمنتز (هولدنغ) ش.م.ل، رئتي يملكها المصرف المذكور بالكامل بشكل مباشر و غير مباشر، والتي يرأس مجلس إدارتها المدعى عليه جورج إدوار زرد أبو جوده ويديرها بالتعاون مع المدعى عليه محمد ابراهيم حمدون، وطلبت الجهة المدعية تدوين تحفظاتها وملاحظاتها في متن محضر الجمعيّة المذكورة، ورجّعت بعدها الجلسة نتيجةً عدم التمكّن من الوصول إلى قرارات تتخذ بالإجماع، واتفق على عقد احتماع آخر لاتخاذ القرارات ولكن لم يحدّد تاريخه أو مكانه،

وأنّه تحضيراً للاجتماع الثاني للجمعية العمومية المنوي عقدها تلّبّت الجهة المدعية من المصرف المدعى عليه بتاريخ ٢٠١٠/٧/٢٦ تزويدها بالمستندات والبيانات المالية العائدة لشركات التابعة للمصرف، فأعطتها الإدارة العامة للمصرف بعض المستندات المطلوبة، فعادت الجهة المدعية وأصرّت بموجب كتابها الصادر بتاريخ ٢٠١٠/٨/٧ على الحصول على عدد آخر من المستندات، ثم راسلت بتاريخ ٢٠١٠/٨/١١ رئيس مجلس الإدارة بواسطة البريد الإلكتروني بموضوع ملاحظاتها على البيانات المالية العائدة للمصرف وللشركة القابضة

٦٦/١

</div>

FROM :                                                      FAX NO. :                                   18 Dec. 2014 02:36PM  P4

Account provided that such amount will be paid whether to the favor of the seller bank or to the favor to the buyer bank according to the audit mechanism mentioned in the SPA. Furthermore the bank to be implicated has put in article 6 of the contract mentioned above two lists of doubtful accounts, and it requested to close those accounts or to transfer them to other banking establishments before the date of the final approval of the sale transaction by the central council of the Bank of Lebanon.

That during the month of August 2011, the defendant bank and the bank to be implicated have been informed that the central bank is getting ready to issue the final approval on the selling transaction, and since the operation of the closure up or transfer of the accounts has not yet been completed, the two parties have signed on 19/8/2011 a lateral agreement in which the defendant bank has committed to re-purchase the remaining debtor accounts, which proves that the agreement has been concluded in the period between the primary approval and the final approval of the central council, and it came in application to what was agreed upon in the SPA agreement and not the contrary,

The plaintiffshave approved the resolution of the ordinary general assembly of the defendant bank held exceptionally on August 13, 2012, related to the operation of re-purchasing of the debts in the framework of the liquidation acts,

The bank to be implicated has declared that he has neither relation with the present conflict because it happened before the operation of buying the assets, the rights, the obligations and the liabilities of the defendant bank,

That all the documents received by the buyer bank are subject to the banking secrecy law, and therefore it is inadmissible to the bank to be implicated toproduce any documents or to disclose any information to the expert to be assigned, particularly that all such information and documents have been put at the disposal of the defendant bank by virtue of an agreement signed by both parties on September 08, 2011,



35

وتبيّن أنه بتاريخ ٢٠١٤/٥/٢٨، قدم المطلوب إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل،
بواسطة وكيله المحامي جوزف خوري الحلو، لائحة جوابية أولى، عرض فيها أنه يوجد تباين في الأسباب التي
تستند الجهة المدعية إليها بطلب الإدخال، فهي طلبت إدخاله في لائحتها الجوابية تاريخ ٢٠١٣/٤/٣ من أجل
إشراكه في سماع الحكم ومن أجل تمهيل عمل الخبير المطلوب تعيينه، ثم عادت وطلبت إدخاله في لائحتها
تاريخ ٢٠١٣/١١/١٣ من أجل إلزامه بتسديد مبالغ تفوق عشرات ملايين الدولارات الأميركية،
وأنه لم يقدم على شراء المصرف المدعى عليه إلا بعد تأكيده كتابةً من حاكم مصرف لبنان بتاريخ ٢٠١١/٤/١
يعلمه بموجبه أن الخزينة الأميركية أكّدت لمصرف لبنان بتاريخ ٢٠١١/٣/٣٠ أن المصرف المطلوب إدخاله
لن يخضع لأي تحقيقات أو إجراءات من قبلها نتيجة شرائه لموجودات وحقوق وطلوبات المصرف المدعى
عليه، وذلك بشرط أن يتم التدقيق بحسابات المصرف عليه من قبل كل من مصرف لبنان والمصرف
المطلوب إدخاله، وقد اشترط هذا الأخير إجراء تدقيق كامل وشامل بحسابات المصرف المدعى عليه وفقاً
لمعايير المصرف المطلوب إدخاله واشترط أن تخرج من المسقفة الحسابات التي لا تتوافر فيها المعايير
الصارمة،

وأنه وقع بتاريخ ٢٠١١/٦/٢٢ مع المصرف المدعى عليه عقد الـ SPA حيث حدد الثمن الإجمالي بمبلغ
/٥٨٠،٠٠٠،٠٠٠/ د.أ. أودع منه مبلغ /٢٣٠،٠٠٠،٠٠٠/ د.أ. في حساب First Escrow Account
مفتوح لدى بنك بيبلوس ش.م.ل، على أن يتم تسديد هذا المبلغ على عدة دفعات تسدد آخرها خلال مهلة سبعة
أيام عمل من تاريخ صدور الموافقة النهائية على عملية البيع عن المجلس المركزي لمصرف لبنان، أما القسم
الثاني البالغ /١٥٠،٠٠٠،٠٠٠/ د.أ. فقد تم إيداعه في حساب Second Escrow Account على أن يتم
تحرير هذا المبلغ إما لمصلحة المصرف البائع وإما لمصلحة المصرف الشاري وفقاً لآلية التدقيق الماخورص
عنها في الـ SPA، كما أن وضع المطلوب إدخاله في البند السادس من العقد المذكور لائحتين بحسابات مشكوك
بتحصيلها، وطلب إقفال تلك الحسابات أو تحويلها إلى مؤسسات مصرفية أخرى قبل تاريخ الموافقة النهائية
للمجلس المركزي لمصرف لبنان على عملية البيع،

وأنه خلال شهر آب من العام ٢٠١١ تم إعلام المصرف المدعى عليه والمصرف المطلوب إدخاله بأن
المصرف المركزي يستعد لإصدار الموافقة النهائية على عملية البيع، وبما أن عملية إقفال او نقل الحسابات لم
تكن قد تمّت بعد، وقع الفريقان بتاريخ ٢٠١١/٨/١٩ اتفاقية جانبية تعهّد بموجبها المصرف المدعى عليه بإعادة
شراء الحسابات المدينة المتبقية، الأمر الذي يثبت أن الاتفاقية الجانبية قد تمّت في الفترة الواقعة ما بين الموافقة
المبدئية والموافقة النهائية للمجلس المركزي وقد جاءت اتفاقاً لما اتفق عليه في الـ SPA وليس خلافاً له،
وأن الجهة المدعية اقترضت على قرار الجمعية العمومية العادية للمصرف المدعى عليه المنعقدة بصورة استثنائية
بتاريخ ٢٠١١/٨/١٣، والمتعلقة بعملية إعادة شراء الديون في إطار أعمال التصفية،
وأدلى المطلوب إدخاله بأنه لا علاقة له بالنزاع الراهن، لأنه نشأ قبل عملية شرائه لموجودات وحقوق والتزامات
وطلوبات المصرف المدعى عليه؛

وبأن جميع الأوراق التي آلت إليه تخضع لأحكام قانون السرية المصرفية فلا يجوز بالتالي للمطلوب إدخاله
إبراز أي مستند أو إفشاء أية معلومة للخبير المطلوب تعيينه، كما أن جميع تلك المعلومات والمستندات وضعت
بمتناول المصرف المدعى عليه بموجب اتفاقية وقعت بين الطرفين بتاريخ ٢٠١١/٩/٨؛
وبأنه من جهة ثانية لا يجوز إدخال أي شخص ثالث في المحاكمة بصفة مدعى عليه من دون تبيان الوقائع
والأدلة الثبوتية والأسباب القانونية التي توجب الحكم عليه، فيقتضي بالتالي رد طلب الإدخال الرامي إلى إلزام
المطلوب إدخاله بتسديد المعطل والضرر الذي قد يحكم به على المصرف المدعى عليه نتيجة أعمال إدارته لعدم
القانونية وعدم الصحة،

وبأن جميع الحسابات أصبحت ملكاً للمصرف المطلوب إدخاله بمجرد صدور الموافقة النهائية عن المجلس
المركزي لمصرف لبنان، ويعود بالتالي لهذا الأخير إعادة بيعها لمن يشاء، فيقتضي بالتالي رد طلب الإدخال
الرامي إلى مطالبة المصرف المطلوب إدخاله بإعادة شراء الديون المذكورة في الاتفاقية الجانبية الموقعة بتاريخ
٢٠١١/٨/١٩،

FROM :                    FAX NO. :                    10 Dec. 2014 05:29PM  P15

company, chaired by Mr. Amr AL KUWATLY and the member of the plaintiffs, Sheikh Nasser Ali SaoudThani AL THANI. The wait to pursue him has been done in order not to let the debtors pretend to the violations discovered by the expert and attributed to the said manager for conflicting in the veracity of their debts, but in counterpart, the general administration has frozen the end of service indemnities of the said manager until the collection of all the information and documents necessary to questioning him as it is obvious from the minutes of the board of directors on 17/7/2009,

That the members of the plaintiffs have participated to the permission to deduct the amount attributed for the settlement with the American treasury, and it also comprised the decision of the general assembly held on 18/6/2013, taken unanimously by the shareholders saying that they all agree that the settlement amount is a waiver of any claim in front of themselves or in front of any other shareholder,

That the general assembly held on December 16, 2011 has approved unanimously the main authorization to buy the debts, and that the same assembly has approved the procedures occurred with the bank to be omplicated in details, and the general assembly held on August 13, 2012 has confirmed the authorization of re-purchasing the debts for the amount of /50.000.000/ U. S. Dollars in application of the item 6.4 of the SPA

It appeared that on June 04, 2014, the plaintiffs formed ofMr. Ghazi Kamel ABOU NAHL, Sheikh Nasser Ali SaoudThani Al-Thani, Mr. Jamal Kamel ABOU NAHL, Mr. Hamad Ghazi ABOU NAHL, COMPASS Insurance Company S.A.L., Nest Investments Holding Lebanon S.A.L., International Trust Company for Insurance and Reinsurance S.A., General Qatari Insurance and Reinsurance Company S.A.Q.,Jordanian Immigrant Investment Holding Company, International Insurance Trust Company,(Cyprus) Ltd, and the party

وطالب المطلوب إدخاله رد طلب الإدخال شكلا في حال تبين أنّه غير مستوف لجميع الشروط الشكليّة، كما طلب ردّه في الأساس لعدم قانونيته وعدم صحته وعدم حديثه، وتضمين الجهة المدعيّة جميع الرسوم والمصاريف والعطل والضرر.

وتبيّن أنه بتاريخ ٢٠١٤/٥/٢٨، قامت الجهة المدعى عليها المؤلّفة من كلّ من البنك اللبناني الكندي ش.م.ل، والسيّد جورج إدوار زرد أبو جودة، والسيّد محمد ابراهم حمدون، لائحة جوابيّة ثانية، كرّرت بموجبها إدلاءاتها ومطالبها، وأضافت فيها أنّ المعادلة التي طرحتها الجهة المدعية والقائمة على فكرة أنّه يقتضي توزيع كامل ثمن النفزع القصى الضربية على المساهمين وإلا كان هناك أحطاء مرتكبة من الإدارة، لا تنطبق على المصارف لأنّ موجوداتها ليست بكاملها أعيان وأصول ثابتة محددة القيمة، بل تتناول ودائع زبائن وديون مقترضين الأمر الذي يستدعي وجوباً التحقّق من مدى قابليّة الديون للتحصيل، فيكون تخصيص مبلغاً معيناً لتغطية المخاطر يندرج ضمن الأعراف المحلية والعالميّة،

وأنّ مبلغ ال ١٤٨،٠٠٠،٠٠٠/ د.أ. الذي نذعي الجهة المدعيّة أنّ المصرف المطلوب إدخاله قام بنحميده بالإضافة إلى مبلغ ال ١٥٠،٠٠٠،٠٠٠/ د.أ. قد تمّ تحرير ه بكامله حتى قبل دخول الـ SPA حيز التنفيذ، بدليل أنّ الجدول الذي وضعه مؤمنر المراقبة من أجل تحديد صافي الأصول السائلة من أصل كامل الثمن اقتصر فقط على ذكر مبلغ ١٥٠،٠٠٠،٠٠٠/ د.أ. صنّفه مؤجّل الدفع،

وأن جميع أعضاء الجهة المدعية وافقوا مع مبثر المساهمين على صيغة المخالصة في ما يتعلّق بالنزاع مع الإدارة الأميركيّة، من خلال التوقيع على جميع صفحات محضر الجمعيّة العموميّة التي انعقدت بتاريخ ٢٠١٣/٦/١٨.

وأدلت الجهة المدعى عليها بأنّ خسائر شركة تبادل احتسبت في البيانات الماليّة المجمّعة للمصرف. المدعى عليه واستدركت لها المؤونات المؤاتية بشكل أصحى من دون جدوى انتظار المصادقة على ميزانية الشركة المذكورة،

وبأنّ مؤونة مخاطر الإقراض والخسائر العائدة لشركة تبادل ظهرت في البيانات الماليّة الإفراديّة لكلّ من المصرف المدعى عليه والشركة المذكور ة، الأمر الذي استوجب عدم الإعتداد بالمؤونة المكوّنة لدى الشركة القابضة عند توحيد بياناتها الماليّة مع بيانات المصرف بعبرة إلغاء الإزدواجيّة في المؤونة المكوّنة على مستوى المجموعة، وهذا ما أوضحه مفوّض المراقبة في تقريره، وهذا ما يفسّر بقاء أرباح المصرف المدعى عليه حوالي ٤،٦٠٠،٠٠٠،٠٠٠/ ل.ل. بعد التجميع،

وبأنّ القرار بالترزئت بمالحقة مدير شركة تبادل السيّد أسامة المصري تمّ بموافقة لجنة المتابعة المعيّنة من قبل مجلس إدارة المصرف المدعى عليه من أجل الإشراف على أعمال شركة تبادل والتي برأسها السيّد عمرو الفوللي و تضير الجهة المدعية الشيخ ناصر على سعود ثاني ال ثاني، وقد تمّ الترزيت في ملاحقته لكي لا يتذرّ ع المديولون بالمخالفات التي كمنها الخبير والسمسرة إلى المدير المذكور من أجل المنازعة في صحة ديونهم، ولكن بالمقابل جمّدت الإدارة العامة تعويضات نهاية الخدمة العائدة إلى المدير المذكور إلى حين تجميع المعلومات والوثائق من أجل مساءلته كما هو ثابت من محضر إجتماع مجلس الإدارة بتاريخ ٢٠٠٩/٧/١٧،

وبأنّ أعضاء الجهة المدعية شاركوا بالإجازة باقتطاع المبلغ المخصص للتسوية مع الخزانة الأميركيّة، وقد تضمّن ايضا قرار الجمعيّة العموميّة المنعقّده بتاريخ ٢٠١٣/٦/١٨، والذي اتخذ بإجماع المساهمين بأنهم يوافقون جميعاً على أنّ تسديد مبلغ التسوية هو بمثابة تنازل عن ايّة مطالبة بوجه بعضهم أو بوجه أي مساهم آخر،

وبأنّ الجمعية العموميّة المنعقّدة بتاريخ ٢٠١١/١٢/١٦ أقرّت بالإجماع الإجازة الأساسيّة بشراء الديون، وقد صادقّت تلك الجمعيّة على الإجراءات الحاصلة مع المصرف المطلوب إدخاله بتفاصيلها، كما أنّ الجمعيّة العموميّة المنعقّدة بتاريخ ٢٠١٢/٨/١٣ أكّدت الإجارة بإعادة شراء ديون بمبلغ ٥٠،٠٠٠،٠٠٠/ د.أ. تطبيقاً للبند ٦،٤/ من ال SPA،

وتبيّن أنّه بتاريخ ٢٠١٤/٦/٤، قدّمت الجهة المدعية المؤلّفة من كلّ من السيّد غازي كامل أبو ندن،

It appeared that on October 29, 2014, the defendants, formed of the Lebanese Canadian Bank S.A.L., Mr. Georges Edward Zard ABOU JAOUDE and Mr. Mohammad Ibrahim HAMDOUN, an answering plea by which they reiterated their statements and claims,

It further appeared that during the trial hearing held on October 29, 2014, the judicial proceedings are duly closed after each party has reiterated its claims;

Therefore

### First – Rectification of the judicial proceedings:

Whereas the defendants request to rectify the judicial proceedings due to the merge of the bank, the defendant, with the bank to be implicated, since its denomination has been modified and became the company of the Lebanese Canadian Bank S.A.L. (under liquidation) as well as the titles of the defendants Georges Edward Zard ABOU JAOUDE and Mr. Mohammad Ibrahim HAMDOUN are also amended , as the first one is no more chairman of the Boar                    Manager of the Lebanese Canadian Bank S.A.L. and of the company L.C. B Investments (Holding) S.A.L., and the second is no more member of the board of Directors – Deputy General Manager of the Lebanese Canadian Bank S. A.L. or member of the board of Directors of the company L.C. B Investments (Holding) S.A.L.;

Whereas it is confirmed that the defendant, the bank, the company of the Lebanese Canadian Bank S.A.L. has been merged with the bankSociétéGénérale au Liban S.A.L, the implication of which is requested, and consequently its liquidation will follow  ata subsequent date of the filing of the present lawsuit, which necessitates the amendment of its denomination to become the "company of the Lebanese Canadian Bank S.A.L. (under liquidation)";

Whereas it is further confirmed that the liquidation of the defendant, the bank, has dispossessed the defendantsGeorges Edward Zard ABOU JAOUDE and Mr. Mohammad Ibrahim HAMDOUN of their posts therein and at the company L.C. B Investments (Holding) S.A.L, on the grounds of which the present lawsuit is filed against them, a matter that also necessitates to rectify the judicial proceedings with regard to the two defendants mentioned above and consider that the lawsuit is filed against the defendant Georges Edward Zard ABOU JAOUDE in his personal capacity and as ex-chairman of the board of Directors – General Manager of the L:ebanese Canadian Bank S.A.L. and of the L.C. B Investments (Holding) S.A.L and as one of the liquidators of the company of Lebanese Canadian Bank S.A.L. (under liquidation, and against the other second defendant Mohammad Ibrahim HAMDOUN in his personal capacity and as member of the board of directors – ex-deputy general manager of the Lebanese Canadian Bank S.A,L, and as former member of the board of directors of the company L.C. B Investments (Holding) S.A.L and as oneof the liquidators of the company of Lebanese Canadian Bank S.A.L. (under liquidation;

Whereas the plaintiffs, in the other hand, request to rectify the judicial proceedings by withdrawing one of their members, namely Trust International for Insurance and Reinsurance S.A. from the present lawsuit and replace it by the other member, namely, Nest Investments Holding Lebanon S.A.L., since the first mentioned company has assigned its entire shareholding at the bank, the defendant in favor ofNest Investments Holding Lebanon S.A.L., noting that such assignment has been duly notified to the bank, the defendant;

Whereas it is confirmed thatTrust International for Insurance and Reinsurance S.A has actually assigned all its shares at the share capital of the bank, the defendant in favor of Nest Investments Holding Lebanon S.A.L., including the transfer of all the obligations and rights linked to such shares in favor of the assignee that will be considered special successor of the assignor and consequently this latter satisfies all the required title and interest to



طالبة التدخّل، المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، لائحة جوابيّة كرّرتا بموجبها إدلاءاتهما ومطالبهما،

وتبيّن أنّه بتاريخ ٢٠١٤/١٠/٢٩، قدّمت الجهة المدعى عليها المؤلّفة من كلٍّ من البنك اللبناني الكندي ش.م.ل، والسيّد جورج إدوار زرد أبو جوده، والسيّد محمد ابراهيم حمدون، لائحة جوابيّة كرّرت بموجبها إدلاءاتها ومطالبها،

وتبيّن أنّه في جلسة المحاكمة المنعقدة بتاريخ ٢٠١٤/١٠/٢٩، اختتمت المحاكمة أصولاً بعد أن كرّر الفرقاء،

بناءً عليه،

## أولاً ــ في تصحيح الخصومة

حيث تطلب الجهة المدعى عليها تصحيح الخصومة نتيجة عمليّة اندماج المصرف المدعى عليه مع المصرف المطلوب إدخاله، إذ تعذّلت بعد ذلك تسميته وأصبح شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، كما تعذّلت صفات المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون فلم يعد الأوّل رئيس مجلس إدارة ــ مدير عام البنك اللبناني الكندي ش.م.ل. وشركة أل سي بي نفستمنتز (هولدنغ) ش.م.ل. ولم يعد الثاني عضو مجلس إدارة ــ مدير عام مساعد للبنك اللبناني الكندي ش.م.ل. أو عضو مجلس إدارة شركة أل سي بي إنستمنتز (هولدنغ) ش.م.ل،

وحيث من الثابت أن المصرف المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. قد تمّ اندماجه مع المصرف المطلوب إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل، وبالتالي تصفيّته بتاريخ لاحق على تقديم الدعوى الراهنة، الأمر الذي يقتضي معه تعديل تسمية لتصبح "شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)"،

وحيث من الثابت ايضاً أن تصفية المصرف المدعى عليه أقدمت المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون لمراكزهما فيه وفي شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل، اللتين قدمت الدعوى الراهنة بوجههما على أساسها، الأمر الذي يقتضي معه ايضاً تصحيح الخصومة بالنسبة للمدعى عليهما المذكورين واعتبار أن الدعوى مقامة بوجه المدعى عليه جورج إدوار زرد أبو جوده بصفته الشخصيّة وبصفته رئيس مجلس إدارة ــ مدير عام سابق للبنك اللبناني الكندي ش.م.ل. ولشركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفّي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، وبوجه المدعى عليه محمد ابراهيم حمدون بصفته الشخصيّة وبصفته عضو مجلس إدارة ــ مدير عام مساعد سابق للبنك اللبناني الكندي ش.م.ل. وبصفته عضو مجلس إدارة سابق في شركة أل سي بي إنفستمنتز (هو أدنغ) ش.م.ل. وبصفته أحد مصفّي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)،

وحيث تطلب الجهة المدعية بالمقابل، تصحيح الخصومة من خلال إخراج أحد أعضائها شركة ترانست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترانست ر.ي، من الدعوى الراهنة، وإحلال العضو الآخر شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. لأن الشركة الأولى قد تفرّعت عن كامل مساهمتها في المصرف

compensations due to its bank business responsibilities pursuant to the provisions of articles 166, 167 and 168 of the Code of Commerce;

Whereas in the light of the foregoing, the bank to be implicated,SociétéGénérale au Liban S.A.L, satisfies the title and interest to admit its implication in the present lawsuit seen the significant role it may play in the investigations and seen the possibility of the reversal result that such lawsuit may reach, positively or negatively on the bank to be implicated as special successor of the defendant bank;

Whereas consequently that it is necessary to accept the request of implicating Bank SociétéGénérale au Liban S.A.L, in the present lawsuit in the form;

## Fourth-    The abrogation request of the first, second, third and fourth resolutions of the ordinary general assembly:

Whereas the plaintiffs and the interveners Mr. Kamel Ghazi ABOU NAHL and Mr. Fadi Ghazi ABOU NAHL request to abrogate four resolutions taken by the shareholders ordinary general assembly of the defendant bank held on May 26, 2010;

Whereas the plaintiffs and the interveners, from one side, request to abrogate the first resolution, taken at the majority of votes and related to the accounts;

- First, because the minutes mentioned that the attending shareholders have been notified of all the complete documents and papers that enable them to give their opinion in the items enumerated in the agenda, while such shareholders did not receive the entire financial statements than on July 23, 2010, which means after the meeting of the general assembly,

Beirut - Lebanon
FAX : 01/360912 - TEL 01/360913
03 / 35600
E-mail:njelimtranslation@hotmail.com
Certified Translator
Milad Noujeim

وحيث إن قبول طلب الإدخال بالشكل يتوقف على مدى توفّر شرطي الصفة والمصلحة الضروريين لدى المطلوب إدخاله،

وحيث إن الدعوى الراهنة نرمي إلى إبطال قرارات صادرة عن الجمعية العموميّة للمصرف المدعى عليه الذي تمّ في وقتٍ لاحق إندماجه بالمصرف المطلوب إدخاله وانتقال جميع حقوقه وإلتزاماته ومستنداته إلى هذا الأخير، وإلى إلزام الإدارة العامة للمصرف المدعى عليه بالتعويض نتيجة لمسؤوليتها عن أعمال المصرف سنداً لأحكام المواد ١١٦ و١٦٧ و١٦٨ من قانون التجارة،

وحيث انطلاقاً ممّا جرى عرضه يكون للمطلوب إدخاله مصرف سوسيته جنرال في لبنان ش.م.ل. صفة ومصلحة أكيدتين من أجل قبول إدخاله في الدعوى الراهنة نظراً للدور الذي من الممكن أن بلعبه في التحقيقات ونظراً لإمكانية انعكاس النتيجة التي قد تؤول إليها هذه الدعوى، سواء سلباً أو ايجاباً على المصرف المطلوب إدخاله بصفته خلفاً خاصاً للمصرف المدعى عليه،

وحيث يستنتج بالتالي أنّه يقتضي قبول طلب ادخال مصرف سوسيته جنرال في لبنان ش.م.ل. في الدعوى الراهنة شكلاً،

## رابعاً ــ في طلب إبطال القرار الأول والثاني والثالث والرابع للجمعيّة العموميّة العاديّة

حيث تطلب الجهة المدعية والجهة المقرّر إدخالها المزلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، إبطال أربعة قرارات صادرة عن الجمعيّة العموميّة العاديّة لمساهمي المصرف المدعى عليه المنعقدة بتاريخ ٢٠١٠/٥/٢٦،

وحيث تدلاب الجهة المدعية والجهة المقرّر إدخالها من جهة أولى، بإبطال القرار الأول، الصادر بالأكثريّة، والمتعلّق بالحسابات؛

- أولاً، لأنّه ورد في المحضر أنّ المساهمين الحاضرين تبلّغوا جميع الوثائق والمستندات التي تخوّلهم إبداء الرأي بالمواضيع المدرجة على جدول الأعمال، في حين لم يستلم هؤلاء كامل البيانات الماليّة إلا بتاريخ ٢٠١٠/٧/٢٣، أي بعد انعقاد الجمعية،
- ثانياً، لأنّه لم يتمّ إرفاق حسابات السنة الماليّة ٢٠٠٩ أصولاً،
- ثالثاً، لأن تقرير مفوضي المراقبة نظّم بغياب تام لحسابات موقوفة من قبل مجلس الإدارة،

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها من جهة ثانية، إبطال القرار الثاني، الصادر بالأكثريّة، والمتعلّق بإبراء ذمّة رئيس وأعضاء مجلس الإدارة؛ لأنّ إبطال القرار الأول يستتبع حكماً إبطال هذا القرار لأنّه لا قيمة قانونيّة لقرار إبراء ذمّة أعضاء مجلس إدارة أعطي بالإستناد إلى بيانات حسابيّة لم تعرض على الجمعيّة العموميّة أو منظّمة بشكل مخالف للأصول القانونيّة والمحاسبيّة،

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها من جهة ثالثة، إبطال القرار الثالث، الصادر بالإجماع، والمتعلّق بتخصيص الأرباح عن المنة الماليّة ٢٠٠٩؛

- أولاً، لأنّ الأرقام الواردة في النسخة المسجلة في السجل التجاري مختلفة عن الأرقام الواردة في النسختين الأولى والثانية اللتين عرضتا على السيّد أحمد طباجه،
- ثانياً، لأنّ جميع الأرقام جاءت تقريبيّة وذكر إلى جانبها عبارة "تقريباً"،
- ثالثاً، لأنّه من غير الممكن أن يكون هذا القرار قد اتخذ بالإجماع بينما القرار الأول المتعلّق بالموافقة على الحسابات إنخذ بالأكثرية نتيجة تحفّظ أعضاء الجهة المدعية عليه،

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها من جهة رابعة، إبطال القرار الرابع، الصادر بالإجماع، والمتعلّق بأحكام المادة ١٥٢ من قانون النقد والتسليف؛ لأنّ أياً من مجلس الإدارة ومفوضي المراقبة

FROM :       FAX NO. :       10 Dec. 2014 02:41AM P30

Whereas the lawsuit in its current situation is not ready for delivering the final judgment, since it is necessary to entrust the plaintiffs as well as the interveners from one side and the defendants and the bank to be implicated, from the other side, to discuss the question of questioning the defendants Georges Edward Zard ABOU JAOUDE and Mohammad Ibrahim HAMDOUN solely without any other else of the other members of the board of directors of the defendant bank and of the holding company, in the light of the provisions of article 170 of the code of commerce;

Whereas the plaintiffs as well as the interveners Kamel Ghazi Abou NAHL and Mr. Fadi Ghazi ABOU NAHL request also to impose on the defendant Mohammad Ibrahim HAMDOUN to restitute to the defendant bank the unjustified amounts he received as liquidator;

Whereas it is necessary to order the plaintiffs and the interveners to produce copy of the resolution adopted by the general assembly related to the allocations of the defendant Mohammad Ibrahim HASMDOUN as liquidator;

## FOR THESE REASONS

(The tribunal) unanimouslydecides :

First :     To rectify the judicial proceedings and to replace the denomination of the defendant bank , the company of Lebanese Canadian Bank S.A.L. to become the "company of Lebanese Canadian Bank S.A.L (under liquidation)"

Second:    To rectify the judicial proceedings and consider that the lawsuit is filed against the defendant Georges Edward Zard ABOU JAOUDE in his personal capacity and as ex-chairman of the board of directors – former General Manager of the Lebanese Canadian Bank S.A.L. and of L. C. B. investments (Holding)

Beirut - Lebanon
FAX : 01/380812 - TEL 01/380913
03 / 356045
E-mail:njeimtranslation@hotmail.com
Certified Translator
Milad Noujeim

وحيث يتبيّن بالتالي أنّ الجهة المدعية والمقرّر إدخالهما يسندون طلبيتيهما المتعلّقة بالتعويض إلى المواد ١٦٦ و١٦٧ و١٦٨ من قانون التجارة،

وحيث إنّ الدعوى بحالتها الراهنة غير جاهزة لإصدار الحكم النهائي إذ يقتضي تكليف الجهة المدعية والمقرّر إدخالهما من جهة والجهة المدعى عليها والمصرف المقرّر إدخاله من جهة ثانية، مناقشة مسألة مدى إمكانية مساءلة المدعى عليه جورج إدوار زرد أبو جوده ومحمد إبراهيم حمدون دون سواهما من بقية أعضاء مجلس الإدارة في المصرف المدعى عليه وفي الشركة القابضة، على ضوء أحكام المادة ١٧٠ من قانون التجارة،

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٌ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل ايضاً إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى الـمـصـرف الـمدعى عليه المبالغ غير المبرّرة التي قبضها كمصدٍّ،

وحيث يقتضي تكليف الجهة المدعية والمقرّر إدخالهما إبراز صورة عن القرار الصادر عن الجمعيّة العموميّة والمتعلّق بمخصّصات المدعى عليه محمد ابراهيم حمدون كمصفٍّ،

**لهذه الأسباب،**

ومع حفظ البتّ بالنقاط كافّة،

**تقرّر بالإجماع:**

أولاً ــ تصحيح الخصومة واستبدال تسمية المصرف المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. لتصبح "شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)"،

ثانياً ــ تصحيح الخصومة واعتبار أنّ الدعوى مقامة بوجه المدعى عليه جورج ادوار زرد أبو جوده بصفته الشخصيّة وبصفته رئيس مجلس إدارة ــ مدير عام سابق للبنك اللبناني الكندي ش.م.ل. ولشركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفّيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، وبوجه المدعى عليه محمد ابراهيم حمدون بصفته الشخصيّة وبصفته عضو مجلس إدارة ــ مدير عام مساعد سابق للبنك اللبناني الكندي ش.م.ل. وبصفته عضو مجلس إدارة سابق في شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفّيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)،

ثالثاً ــ تصحيح الخصومة وإحلال شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. في الدعوى الراهنة مكان شركة ترانست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترنست ري، وإخراج هذه الأخيرة من المحاكمة،

رابعاً ــ قبول طلب التدخّل المقدّم من السيّدين كامل غازي أبو نحل وفادي غازي أبو نحل في الدعوى الراهنة شكلاً،

FROM :

FAX NO. :

10 Dec. 2014 05:43AM P26

from their errors in managing the company Nest Investments Holding Lebanon S.A.L.for the reasons enumerated in the present decision.

Eighth: To reject the demand of condemning the defendants Georges Edward Zard ABOU JAOUDE and Mohammad Ibrahim HAMDOUN to pay the compensation of any depreciation of the shareholders' rights in result of the liquidation business,for the reasons enumerated in the present decision.

Ninth: To reopen the trial and register the lawsuit in the pleading roll.

Tenth: To order all the parties to implement the contents of the present decision.

Eleventh: To fix the day of Wednesday, January 28, 2015 for the trial hearing and to notify to whom it may concern;

A judgment delivered and publicly perused at Beirut, on December 10, 2014

| The clerk Signed | Member (Joe Khalil)Signed | Member (IhabBaassiri) Signed | The president (Georges Harb) Signed |
|---|---|---|---|

===================================

Literal translation of the Arabic version herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, September 01, 2017

| هامش | |
|---|---|
| | خامساً – قبول طلب إدخال مصرف سوسيتيه جنرال في لبنان ش.م.ل في الدعوى الراهنة شكلاً،<br><br>سادساً – عدم قبول طلب إبطال القرار الأول والثاني والثالث والرابع من محضر الجمعية العمومية العادية لمساهمي المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، والتي انعقدت بتاريخ ٢٦/٥/٢٠١٠، للأسباب الواردة في متن هذا القرار،<br><br>سابعاً – عدم قبول طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن الضرر الناتج عن أخطائهما في إدارة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل، للأسباب الواردة في متن هذا القرار،<br><br>ثامناً – رد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين نتيجة أعمال التصفية، للأسباب الواردة في متن هذا القرار،<br><br>تاسعاً – إعادة فتح المحاكمة وقيد الدعوى على جدول المرافعات،<br><br>عاشراً – تكليف جميع الفرقاء إنفاذ ما ورد في متن هذا القرار،<br><br>احدى عشراً – تعيين يوم الأربعاء الواقع فيه ٢٨/ ١ /٢٠١٥ موعداً لجلسة المحاكمة، وإبلاغ من يلزم،<br><br>حكماً صدر وافهم علناً في بيروت بتاريخ ١٠/١٢/٢٠١٤<br><br>الرئيس (جورج حرب) — العضو (إيهاب بعاصيري) — العضو (جو خليل) — الكاتب |

FROM : FAX NO. : 10 Dec. 2014 02:43PM P26