# EXHIBIT 1

NOUJEIM TRANSLATION OFFICE
Translation – Consultant – Legalization
Tel / Fax: 01/380912/13 ; Mobile : 03/356045
E-mail:njeimtranslation@hotmail.com

£S

147/2011

## DECISION

### In the name of the Lebanese people

The Tribunal of First Instance at Beirut, Chamber four, ruling in commercial affairs,

Formed of the judge Mr. Georges HARB, President and judges Ihab BAASSIRI and Joe KHALIL, members

Upon verification and deliberation,

It appears that on May 26, 2011, the plaintiffs, formed of Mr. Ghazi Kamel ABOU NAHL, Sheikh Nasser Ali SaoudThani Al-Thani, Mr.Jamal Kamel ABOU NAHL, Mr. Hamad Ghazi ABOU NAHL, COMPASS Insurance Company S.A.L., Nest Investments Holding Lebanon S.A.L., International Trust Company for Insurance and Reinsurance S.A., General Qatari Insurance and Reinsurance Company S.A.Q.,Jordanian Immigrant Investment Holding Company, International Insurance Trust Company,(Cyprus) Ltd,filed through their legal attorneys-at-law Mr. Richard CHEMALI and Mr. Antoine MERHEB a writ of summons against the defendantsformed of the Lebanese Canadian Bank S.A.L. , Mr. Georges Edward Zard ABOU JAOUDE as chairman of the board of directors – General manager of the Lebanese Canadian Bank S.A.L., the company L.C. B Investments (Holding) S.A.L.) and Mr. Mohammad Ibrahim HAMDOUN as member of the board of Directors and deputy General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company L.C.B. Investments (Holding) S.A.L., exposing that

They own about 23.58% of the share capitalof the defendant Bank, that they were all the time insisting through the members of the board of directors, namely General Qatari Insurance and Reinsurance Company

## قرار
### باسم الشعب اللبناني،

هامش

٦٠١١/
١٤٧

إنّ محكمة الدرجة الأولى في بيروت، الغرفة الرابعة، الناظرة في القضايا التجاريّة، المؤلّفة من الرئيس جورج حرب والعضوين إيهاب بعاصيري وجو خليل،

لدى التدقيق والمذاكرة،

تبيّن أنه بتاريخ ٢٠١١/٥/٢٦، تقدّمت الجهة المدعية المؤلّفة من كلّ من السيد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيد حمد غازي أبو نحل، وشركة كوسباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبنون ش.م.ل، وشركة ترست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالمية للتأمين (قبرص) المحدودة بواسطة وكليها المحاميين ريشار الشمالي وأنطوان مرعب، استحضاراً بوجه الجهة المدعى عليها المؤلّفة من كلّ من البنك اللبناني الكندي ش.م.ل، والسيد جورج إدوار زرد أبو جوده بصفته رئيس مجلس إدارة – مدير عام البنك اللبناني الكندي ش.م.ل. وشركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل، والسيد محمد ابراهيم حمدون بصفته عضو مجلس إدارة ومدير عام مساعد للبنك اللبناني الكندي ش.م.ل. وعضو مجلس إدارة شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل، عرضت فيه أنّها تملك حوالي ٢٣,٥٨% من رأسمال المصرف المدعى عليه، وأنّها كانت دائماً تشدّد من خلال أعضاء مجلس الإدارة الشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق. والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م. وشركة نست إنفستمنتز هولدنغ لبنون ش.م.ل، على وجوب اعتماد مبادئ الإدارة الرشيدة وعلى احترام صلاحية مجلس الإدارة المعيّن عليه من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون،

وأنّه بمعرض اجتماع مجلس إدارة المصرف المدعى عليه المنعقد بتاريخ ٢٠١٠/٣/٣١ من أجل اقفال حسابات العام ٢٠٠٩، طالب المدعي غازي كامل أبو نحل بأن يقدّم لأعضاء مجلس الإدارة معلومات مفصّلة عن الوضعية والبيانات المالية لأن المعلومات الموضوعة بين أيديهم غير كافية،

وأنّه أمام عدم استجابة الجهة المدعى عليها رفعت الجهة المدعية إلى الجمعية العمومية العادية التي انعقدت بتاريخ ٢٠١٠/٥/٢٦، مذكرة من أجل التذكير ببعض الأصول البديهيّة التي ترعى أعمال الشركات المغفلة والمصارف، لا سيما في ما يتعلّق باحترام صلاحيات مجلس الإدارة واللجان المخصّصة، ورفضت الجهة المدعية بموجب المذكرة المذكورة إبراء ذمة الإدارة حاصةً لناحية سوء إدارة شركة تبادل للأسهم والسندات ش.ذ.م.م. التي أسسها المصرف المدعى عليه في العام ٢٠٠٦ من خلال شركة قابضة هي شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل، والتي يملكها المصرف المذكور بالكامل بشكل مباشر أو غير مباشر، والتي يرأس مجلس إدارتها المدعى عليه جورج إدوار زرد أبو جوده ويديرها بالتعاون مع المدعى عليه محمد ابراهيم حمدون، وطلبت الجهة المدعية تدوين تحفّظاتها وملاحظاتها في متن محضر الجمعية المذكورة، ورفعت بعدها الجلسة نتيجة عدم التمكّن من الوصول إلى قرارات تتّخذ بالاجماع، واتفق على عقد اجتماع آخر لاتّخاذ القرارات ولكن لم يحدّد تاريخه أو مكانه،

وأنّه تحضيراً للاجتماع الثاني للجمعية العمومية المنوي عقده، طلبت الجهة المدعية من المصرف المدعى عليه بتاريخ ٢٠١٠/٧/٢٦ تزويدها بالمستندات والبيانات المالية العائدة للشركات التابعة للمصرف، فأعطتها الإدارة العامة للمصرف بعض المستندات المطلوبة، فعادت الجهة المدعية وأصرّت بموجب كتابين الصادرين بتاريخ ٢٠١٠/٨/٧ على الحصول على عدد آخر من المستندات، ثم راسلت بتاريخ ٢٠١٠/٨/١٦ رئيس مجلس الإدارة بواسطة البريد الإلكتروني بموضوع ملاحظاتها على البيانات المالية العائدة للمصرف وللشركة القابضة

١/٢٦

plaintiffs based on the provisions of the articles 167 and 168 of the law of overland Commerce, noting that the members and the chairman of the board of directors in the holding company were occupying functions in it before the members of the plaintiffs have occupied the functions of members of the board of directors, have committed more than a mistake in its management especially through the non-control and the non-questioning the management of TABADUL company, and through the increase of the capital of TABADUL company to /120.000.000/ Emirati Dirham, while the company was out of business in application of a decision issued by the Committee of the financialNotesin Dubai, and this decision has been passed in the absence of the representatives of the plaintiffs who were not invited to the meeting of the board of directors, and through the quietus of TABADUL company and the auditors by the chairman of the board of directors of the holding company without reference to the board of directors, and through the taking over of the administration by the chairman of the board of directors of the holding company in TABADUL company,

That it had requested in its petition to appoint an expert pursuant to the provisions of article 186 of the Monetary and Credit law, but the defendant bank has lost its legal entity after the merger operation, and the plaintiffs have lost the quality of shareholders and they cannot anymore rely on the provisions of the aforementioned article 186, and therefore theyrelinquish from their request and asks in counterpart to appoint an accountancy expert based on the provisions of the civil procedures code,

That the bank SociétéGénérale au LibanSAL in Lebanon should be implicated in the present lawsuit because it has replaced the defendant bank in all its rights and duties toward third parties pursuant to the provisions of the fourth article of the promulgated law on January 04, 1993, and the records and the accounts of the defendant bank became merged in the records and the accounts of bank SociétéGénérale au Liban SAL .

That with regard to the responsibility of the defendant GeorgesEdward Zard U JAOUDE and Mohammad Ibrahim HAMDOUN, as liquidators of the



23

| | هامش |
|---|---|
| - من خلال التوظيفات والمساهمات والمشاركات الخاطئة، وأهمها؛ المساهمة في بنك السلام الجزائر حيث وقعت خسائر بقيمة /٤،٦٠٠،٠٠٠/ د.أ. وبالرغم من ذلك كان الهدف زيادة حصة المصرف المدعى عليه من ٥% إلى ٤٩%، والمساهمة في برابم بنك (غامبيا) حيث ايضاً وقعت خسائر، والمساهمة في سوفي بنك – الكونغو التي تمت من دون إعداد دراسة للجدوى الإقتصادية، | |

وبأنّه بالنسبة لمسؤوليّة أعضاء مجلس إدارة الشركة القابضة ولا سيما رئيس مجلس إدارتها؛ فإن ثلاثة من أعضاء الجهة المدعية هم أعضاء في مجلس إدارة الشركة القابضة ويملكون أسهم ضمان فيها الأمر الذي يسمح لهم بتقديم مثل هذه الدعوى ويعطيهم صفة الإدعاء فيها سنداً لأحكام المادتين ١٦٧ و ١٦٨ من قانون التجارة البرية، مع الإشارة إلى أن أعضاء ورئيس مجلس الإدارة في الشركة القابضة الذين كانوا يشغلون مناصبهم فيها قبل تولي أعضاء الجهة المدعية مراكز أعضاء مجلس الإدارة، ارتكبوا اكثر من خطأ في إدارتها خاصة من خلال عدم مراقبة وعدم مساءلة إدارة شركة تبادل، ومن خلال رفع رأسمال شركة تبادل إلى /١٢٠،٠٠٠،٠٠٠/ درهم إماراتي في وقتٍ كانت فيه الشركة متوقفة عن العمل بموجب قرار صادر عن هيئة الأوراق المالية في دبي، وقد تمّ تحرير هذا القرار في غياب ممثلي الجهة المدعية الذين لم تتم دعوتهم إلى اجتماع مجلس الإدارة، ومن خلال إبراء ذمّة شركة تبادل ومفوضي المراقبة فيها من قبل رئيس مجلس إدارة الشركة القابضة من دون الرجوع إلى مجلس الإدارة، ومن خلال تولي رئيس مجلس إدارة القابضة الإدارة الفعلية في شركة تبادل،

وبأنّها طلبت، في استحضارها تعيين خبير سنداً لأحكام المادة ١٨٦ من قانون النقد والتسليف، إلا أن المصرف المدعى عليه فَقَدَ كيانه القانوني بعد عمليّة الدمج، والجهة المدعية فقدت بالتالي صفة المساهم ولم يعد بإمكانها الإستناد إلى أحكام المادة ١٨٦ المذكورة، فتتراجع عن طلبها هذا وتطلب بالمقابل تعيين خبير في المحاسبة سنداً لأحكام قانون أصول المحاكمات المدنية،

وبأنّه يقتضي إدخال مصرف سوسيتيه جنرال في لبنان ش.م.ل. في الدعوى الحاضرة لأنه حلّ محل المصرف المدعى عليه في جميع حقوقه وموجباته تجاه الغير سنداً لأحكام المادة الرابعة من القانون الصادر بتاريخ ١٩٩٣/١/٤، وأصبحت سجلات وحسابات المصرف المدعى عليه مدموجة بسجلات وحسابات مصرف سوسيتيه جنرال في لبنان ش.م.ل،

وبأنه بالنسبة لمسؤوليّة المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بصفتهما مصفيين للمصرف المدعى عليه، فإنهما استمرا بمخالفة القوانين وإرتكاب الأخطاء، من خلال إعادة شراء بعض ديون المصرف المدعى عليه، ومن خلال متابعة توزيع ما تبقى من ثمن التفرّغ بالرغم من توصيات مفوضي المراقبة بالتوقف عن ذلك، ومن خلال تخصيص المدعى عليه محمد ابراهيم حمدون بملايين الدولارات الأميركيّة كأتعاب من دون تقديم أي مبرر لها،

وطلبت الجهة المدعية إخراج أحد أعضائها شركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري من الدعوى لكونها تفرّغت عن كامل مساهمتها في المصرف المدعى عليه، وإدخال مصرف سوسيتيه جنرال في لبنان ش.م.ل. في الدعوى الراهنة لسماع الحكم وسريانه تجاهه؛ وقبول طلب التدخّل في الدعوى الراهنة المقدم من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل لأنّهما مساهمين في المصرف المدعى عليه ويرغبان بتأييد وتبني جميع مطالب الجهة المدعية، كما طلبت ايضاً تحميل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بصفتهما مصفيين للمصرف المدعى عليه، وبالتكافل والتضامن في ما بينهما، أي تدني في قيمة حقوق المساهمين الناتجة عن عقد ال SPA نتيجة تصرفاتهما الخاطئة والمخالفة للقانون، وتعيين خبير للقيام بالمهمّة المحدّدة له،

وتبيّن أنّه بتاريخ ٢٠١٢/١١/١٣، قدّمت الجهة المدعى عليها المؤلّفة من كلّ من البنك اللبناني الكندي ش.م.ل، والسيّد جورج إدوار زرد أبو جوده، والسيّد محمد ابراهيم حمدون، لائحة جوابية ثانية، كرّرت بموجبها إدلاءاتها ومطالبها، وأضافت فيها أن الإتهام الصادر بحق المصرف المدعى عليه عن الخزانة الأميركيّة كان يمكن أن يؤذي إلى توقّفه عن الدفع، لكنّ الأمر اقتصر بالواقع على مجرد انخفاض في الودائع بنسبة ٢١%، وقد وردت على أثر ذلك خمسة عروض من كبار المصارف في لبنان من أجل شراء موجودات

١٠/٢٦

ascrutinizer whom presence is not compulsory in the office of the assembly, and it was never decided to adjourn the session and to agree upon another meeting, but it was agreed upon to give an opportunity for discussing outside the framework of the session in order to avoid the reservationson the ratification of the accounts as it was literally mentioned in the end of the minutes,

Concerning the abrogation of the resolution related to the article 152 of the monetary and credit law, what leads to annulment of the facilities is the non-presence of a prior authorization from the general assembly in case of trespassing this authorization and the non-follow up of its fate by the successive assemblies, while the contested report by the plaintiffsis limited to the re-mention of the facilities to be authorized in a prior manner for follow-up of its status and the renewal of the approval,

For the value of the bank, the plaintiffs pretend to have forgotten that they approved unanimously during the last years on the consolidated and non-consolidated accounts , and, based on that approval, the final profits have been extracted, while the letter of the bank SociétéGénérale au Liban SAL did not deny the presence of consolidated balance sheets at the level of the defendant bank but it requests the balance sheets of the subsidiary companies, and the letter of the auditors concerns the balance sheet of year 2010 prepared for the liquidation and that does not require to be consolidated because the companies belonging to the bank became part of its assets after the merger, and that the questioning is not only limited to the general administration, but it should comprise the board of directors as a whole, and itsupposes apart from the confirmation of the mistake and violation of the law, The availability of the relative relation between the mistake and the decline of the profits, the matter that the plaintiffs forgot to prove,

That the losses of TABADUL company are considered as burden on the defendant bank to be borne by it despite the fact that it did not cause them directly, and that the provisions and the debts are not considered as losses unless it becomes impossible to recover them despite the exhaustion of the judiciaryrecourses , then it will be early in case of the defendant bank to talk about actual losses that resulted in a decrease in equity of the shareholders



28

| | هامش |
|---|---|

وبأن الجهة المدعية لم تبيّن النص القانوني الذي يفرض تدوين ملاحظات المساهمين على محضر اجتماع الجمعية العمومية حتى لو كانت خارج المواضيع المدرجة على جدول الأعمال، مع العلم أنه في الحالة الراهنة وردت الملاحظات بصورة مذكرة خطية تنتفي بالتالي الغاية من تدوينها إذ يمكن الإكتفاء بضمّها إلى المحضر،

وبأنه لا يوجد جدوى من إبطال معظم القرارات المطلوب إبطالها لأن إعادة التصويت سوف تؤدي إلى النتيجة عينها، مع العلم أن اقتراح عقد جمعية عمومية جديدة للمصادقة على الحسابات أصبح عقيماً بعد تنفيذ عملية الدمج وانتقال موجودات ومطلوبات المصرف إلى المصرف الدامج،

وبأنه بالنسبة لقراري المصادقة على الحسابات العائدة للعام ٢٠٠٩ وإبرام ذمّة مجلس الإدارة، فقد ورد في قرار المصادقة أن الجمعية العمومية صادقت بالأكثرية على "البيانات المالية الموحّدة وغير الموحّدة بما فيها الميزانية العمومية وحسابات الأرباح والخسائر العائدة للسنة المالية ٢٠٠٩"، وقد تضمّن التحفظ الصادر عن السيدين أبو نخل وطباجه تحفظاً على "البيانات المالية الموحّدة وغير الموحّدة"، كما أن تقرير مفوضي المراقبة عن أعمال العام ٢٠٠٩ قد شمل الحسابات المجتمعة، أمّا تذرّع الجهة المدعية بتقرير مفوضي المراقبة العائد لحسابات العام ٢٠١٠ فهو يهدف إلى الاضلال لأن ما يهمّ هو حسابات العام ٢٠٠٩،

وبأن المحضر المنظّم من قبل أمين سر الجمعية العمومية والموقع من قبله ومن قبل رئيس الجلسة يعتبر صحيحاً حتى إثبات العكس عملاً بأحكام المادتين ١٨٣ و ١٩١ من قانون التجارة، أما الإعتراض من قبل ممثل الجهة المدعية فهو غير مؤثر إذ إنّه صادر عن مدقق أصوات الذي لا يعتبر وجوده إلزامياً في مكتب الجمعية،

وبأنه لم يتقرّر أبداً رفع الجلسة والإتفاق على عقد اجتماع آخر وإنّما تمّ اللوافق على مسح المدخلة للتباحث من خارج إطار الجلسة بهدف تلافي التحفظ على تصديق الحسابات كما جاء حرفياً في خاتمة المحضر،

وبأنه بالنسبة لإبطال القرار المتعلق بالمادة ١٥٢ من قانون النقد والتسليف فإن ما يؤدي إلى إبطال التسهيلات هو عدم وجود إجازة مسبقة من الجمعية العمومية أو في حال تجاوز تلك الإجازة وعدم متابعة مصدرها من قبل الجمعيات المتعاقبة، بينما يقتصر التقرير التي تطعن به الجهة المدعية على إعادة ذكر التسهيلات المقرر إجازتها بشكل سابق من أجل متابعة أوضاعها وتحديد الموافقة،

وبأنه بالنسبة لميزانية المصرف فإن الجهة المدعية تناسى أنها صادقت خلال السنوات الأخيرة بالإجماع على حسابات موحّدة وغير موحّدة، واستناداً إلى تلك المصادقة استخرجت الأرباح النهائية، أما كتاب مصرف سوسيتيه جنرال في لبنان ش.م.ل. فهو لا يعني وجود ميزانيات مجمعة على ستراي المصرف المدعى عليه، بل يطالب بميزانيات الشركات التابعة له، أما كتاب مفوضي المراقبة فهو يتعلق بميزانية العام ٢٠١٠ المعدّة للتصفية والتي لا تستدعي أن تكون موحّدة لأن الشركات التابعة للمصرف تصبح من موجوداته بعد الدمج،

وبأن المساءلة لا تقتصر فقط على الإدارة العامة بل يجب أن تشمل مجلس الإدارة مجتمعاً، وهي تفترض إلى جانب ثبوت الخطأ ومخالفة القانون، توفر العلاقة السببية بين الخطأ وانخفاض الأرباح، الأمر الذي أعفت الجهة المدعية عن إثباته،

وبأن خسائر شركة تبادل تعتبر أعباءً على المصرف المدعى عليه يتحمّلها بالرغم من أنه لم يتسبّب بها مباشرةً، وبأن المؤونات والديون لا تعتبر خسائر إلا بعد أن يستحيل تحصيلها بالرغم من استنفاذ طرق المراجعات القضائية، فيكون بالتالي من المبكر في حالة المصرف المدعى عليه الحديث عن خسائر متحققة أدّت إلى تدنّي في حقوق المساهمين،

وبأن رئيس مجلس إدارة المصرف المدعى عليه ومديره العام لم يتولى الإدارة الفعلية لشركة تبادل، إنّ الكتاب الموقع من قبل رئيس مجلس إدارة المصرف، على أوراق تبادل، فهو لا يتعدى كونه مجرد طلب تسهيلات موجه إلى بنك الشارقة وقد وقعه رئيس مجلس إدارة المصرف المدعى عليه بصفته استكمالاً لملف التسليف الذي اتفق عليه بالإستناد إلى ضمانة المصرف، أما الكتاب الموجه من مفوضي مراقبة حسابات المصرف المدعى عليه إلى رئيس مجلس إدارته بتاريخ ٢٠٠٨/٩/٢٦، فمن واجبات مفوض المراقبة أن ينبّه المصرف على مدى انعكاس خسائر الشركات التابعة على ميزانية المصرف بغية إستدراك المؤونات، من دون أن يعني ذلك أن رئيس مجلس إدارة المصرف هو الذي يدير الشركات التابعة، مع العلم أنه هناك مفوض مراقبة خاص بشركة تبادل موجود في دولة الإمارات العربية المتحدة ويقوم بمخاطبة مديرها التنفيذي،

وبأنه في ما يتعلّق بالإتهامات الموجهة إلى المصرف بتبييض الأموال، فقد أحجمت الجزائية الأميركية بتقديم أي

١٦/٧

therefore necessary to accept in the form the intervention presented by Mr.Kamel Ghazi ABOU NAHL and Mr. Fadi Ghazi ABOU NAHL;

### Third- The implication request:

Whereas the plaintiffs request to implicate the bank SociétéGénérale au Liban S.A.L in the present lawsuit to hear the judgment and its enforceability toward them, pursuant to the provisions of Article four of the promulgated law on January 04, 1993, because it has subrogated in lieu of the defendant bank in all of its rights and obligations toward third parties in result of the merge of the defendant bank with the bank to be implicated and because of its cooperation significance in implementing the mission of the expert that the tribunal may appoint;

Whereas the plaintiffs have requested again in a subsequent plea to abolish the agreement signed between the defendant bank liquidators and the bank to be implicated and to impose on this latter to repurchase the debts that it has assigned in favor of the defendant bank;

Whereas in the other hand the bank to be implicated, SociétéGénérale au Liban S.A.L, requests to reject the demand of implication in the form in case it emerges that such request is not satisfying the entire formal conditions;

Whereas the acceptance of the implication request in the form is contingent on the satisfaction extent of the two required conditions of title and interest with the party to be implicated;

Whereas that the present lawsuit aims to abrogate resolutions taken by the general assembly of the defendant bank that has been subsequently merged with the bank to be implicated and that all its rights, commitments, obligations and documents have been transferred to the said bank and to impose on the general administration of the defendant bank to pay

44

| هامش |
|---|

المدعى عليه لمصلحة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. وقد أبلغ هذا التفرّغ أصولاً من المصرف المدعى عليه،

وحيث من الثابت أن شركة تراست العالمية للتأمين وإعادة التأمين ش.م.ب. سفقلة ترست ري. قد تفرّغت فعلياً عن جميع أسهمها في رأسمال المصرف المدعى عليه لمصلحة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل.، مع ما يترتّب على ذلك من انتقال جميع الموجبات والحقوق المرتبطة بتلك الأسهم لمصلحة المتفرّغ له الذي يعتبر خلفاً خاصاً للمتفرّغ وتتوفّر بالتالي لديه الصفة والمصلحة الضروريتان من أجل إحلاله مكانه في المطالبة بالحقوق المرتبطة بالأسهم موضوع التفرّغ، الأمر الذي يقتضي معه إحلال المتفرّغ لها شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. في الدعوى الراهنة مكان شركة تراست العالمية للتأمين وإعادة التأمين ش.م.ب. سفقلة ترست ري، وبالتالي إخراج هذه الأخيرة من المحاكمة،

## ثانياً – في طلب التدخّل

وحيث تطلب الجهة طالبة التدخّل المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل التدخّل في الدعوى الراهنة، وهي تدلي بأنّ عضويها هما من مساهمي المصرف المدعى عليه وبأنّها تؤيّد وتتبنّى مطالب الجهة المدعية وتعتبرها صادرةً عنها،

وحيث تدلي الجهة المدعى عليها بعدم ممانعتها قبول طلب التدخّل المذكور أعلاه،

وحيث من الجائز بحسب أحكام المادة 37 أ.م.م. أن يتدخّل الغير من تلقاء نفسه في المحاكمة لإثبات حقوقه أو حمايتها تجاه أحد الخصوم طالباً الحكم له بطلب متلازم مع طلبات أحد الخصوم،

وحيث يشترط من أجل قبول طلب التدخّل في المحاكمة أن يكون لطالب التدخّل الصفة والمصلحة الضروريتين من أجل تقديم هذا الطلب،

وحيث يتبيّن أن الجهة طالبة التدخّل والجهة المدعية تدليان بأنّ طالبي التدخّل هما من مساهمي المصرف المدعى عليه، كما أنّ الجهة المدعى عليها لم تنازع بصحّة هذه الإدلاءات، فيقتضي بالتالي اعتبارها ثابتةً، ويكون شرطا الصفة والمصلحة الضروريان للتدخّل في الدعوى الراهنة متوفّراً لدى الجهة طالبة التدخّل، ويقتضي بالتالي قبول طلب التدخّل المقدّم من السيّدين كامل غازي أبو نحل وفادي غازي أبو نحل شكلاً،

## ثالثاً – في طلب الإدخال

وحيث تطلب الجهة المدعية، إدخال مصرف سوسيتيه جنرال في لبنان ش.م.ل. في الدعوى الراهنة من أجل سماع الحكم وسريانه تجاهه، سنداً لأحكام المادة الرابعة من القانون الصادر بتاريخ 1993/1/4، لأنّه حلّ محل المصرف المدعى عليه في جميع حقوقه وموجباته تجاه الغير نتيجة عملية اندماج المصرف المدعى عليه بالمصرف المطلوب إدخاله، ونظراً لأهمية تعاونه في تنفيذ مهمة الخبير الذي قد تعيّنه المحكمة،

وحيث عادت الجهة المدعية وطلبت في لائحةٍ لاحقةٍ إبطال الاتفاق الموقع بين مصفيي المصرف المدعى عليه والمصرف المطلوب إدخاله، وإلزام هذا الأخير بإعادة شراء الديون التي تفرّغ عنها لمصلحة المصرف المدعى عليه،

وحيث يطلب بالمقابل المطلوب إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. ردّ طلب إدخاله شكلاً في حال تبيّن أنّه غير مستوفٍ لكامل شروطه الشكليّة،

26/19

S.A.L. and as a liquidator of the company the Lebanese Canadian Bank S.A.L. (Under liquidation) and against the defendant Mohammad Ibrahim HAMDOUN in his personal capacity and as former member of the board of Directors – former Deputy general manager of the Lebanese Canadian Bank S.A.L. and as former member of the board of directors of the company L. C. B. Investments (holding) S.A.L. and as a liquidator of the company Lebanese Canadian Bank S.A.L. (under liquidation);

**Third:** The rectification of the judicial proccedings and the subrogation of the company Nest Investments Holding Lebanon S.A.L. in the current lawsuit in lieu of the company Trust International for Insurance and Reinsurance S.A. and withdraw this latter from the trial.

**Fourth:** To accept the demand of intervention in the current lawsuit presented by Mr.Kamel Ghazi Abou NAHL and Mr. Fadi Ghazi ABOU NAHL in the form.

**Fifth:** To accept the demand of implicating the bank Société_Générale au Liban S.A.L in the current action in the form.

Sixth: To reject the demand of the abrogation of the first, second, third and fourth resolutions of the minutes of the ordinary general assembly of the shareholders of the defendant bank the company Lebanese Canadian Bank S.A.L. (under liquidation) that was held on May 26, 2010, for the reasons enumerated in the present decision.

Seventh: To reject the demand of condemning the defendants Georges Edward Zard ABOU JAOUDE and Mohammad Ibrahim HAMDOUN to pay the compensation of the damage emanating

57

from their errors in managing the company Nest Investments Holding Lebanon S.A.L.for the reasons enumerated in the present decision.

Eighth: To reject the demand of condemning the defendants Georges Edward Zard ABOU JAOUDE and Mohammad Ibrahim HAMDOUN to pay the compensation of any depreciation of the shareholders' rights in result of the liquidation business,for the reasons enumerated in the present decision.

Ninth: To reopen the trial and register the lawsuit in the pleading roll.

Tenth: To order all the parties to implement the contents of the present decision.

Eleventh: To fix the day of Wednesday, January 28, 2015 for the trial hearing and to notify to whom it may concern;

A judgment delivered and publicly perused at Beirut, on December 10, 2014

| The clerk Signed | Member (Joe Khalil)Signed | Member (IhabBaassiri) Signed | The president (Georges Harb) Signed |

=====================================
Literal translation of the Arabic version herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, September 01, 2017

| | هامش |
|---|---|
| خامساً – قبول طلب إدخال مصرف سوسيته جنرال في لبنان ش.م.ل. في الدعوى الراهنة شكلاً. | |

سادساً – عدم قبول طلب إبطال القرار الأول والثاني والثالث والرابع من محضر الجمعية العمومية العادية لمساهمي المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، والتي انعقدت بتاريخ ٢٠١٠/٥/٢٦، للأسباب الواردة في متن هذا القرار.

سابعاً – عدم قبول طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن الضرر الناتج عن أخطائهما في إدارة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل، للأسباب الواردة في متن هذا القرار.

ثامناً – رد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين نتيجة أعمال التصفية، للأسباب الواردة في متن هذا القرار.

تاسعاً – إعادة فتح المحاكمة وقيد الدعوى على جدول المرافعات.

عاشراً – تكليف جميع الفرقاء إنفاذ ما ورد في متن هذا القرار.

أحدى عشراً – تعيين يوم الأربعاء الواقع فيه ٢٠١٥/١/٢٨ موعداً لجلسة المحاكمة، وإبلاغ من يلزم.

حكماً صدر وأفهم علناً في بيروت بتاريخ ٢٠١٤/١٢/١٠

إن ن  العضو (جو خليل)  العضو (إيهاب بعاصيري)  الرئيس (جورج حرب)