# EXHIBIT 2

# JUDGMENT

## In the name of the Lebanese people

The Tribunal of First Instance at Beirut, Chamber four, ruling in commercial affairs, composed of the President Georges Harb and the members Ihab Baasiri and Joe Khalil,

Upon verification and deliberation,

And in addition to the preliminary decision issued by this court on December 10, 2014,

Whereas it was found that the preliminary decision mentioned above presented the facts of the current case until the date of its issuance, and the reasons and the demands made by the two parties, and ruled:

**First:** To correct the rivalry and replace the name of the defendant bank the "Lebanese Canadian Bank SAL", to become the "Lebanese Canadian Bank SAL (Under Liquidation)".

**Second:** To correct the rivalry and to consider that the suit was filed against the defendant Georges Edward Zard Abu Jaoude in his personal capacity and in his capacity as a former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL and of LCB Investments (Holding) SAL, and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation), and against the defendant Mohammed Ibrahim Hamdoun in his personal capacity and in his capacity as a former member of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL, and as a former member of the Board of Directors of LCB Investments (Holding) SAL and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation).

**Third:** To correct the rivalry and to replace Trust International Insurance and Reinsurance Company (Trust Re) with Nest Investments Holding Lebanon SAL in the current case, and to remove Trust International for Insurance and Reinsurance (Trust Re) from the trial.

**Fourth:** To accept in form the request of the intervention of Mr. Kamel Ghazi Abu Nahl and Mr. Fadi Ghazi Abu Nahl in the current case.

**Fifth:** To accept in form the request for the invocation of Societe Generale de Banque au Liban SAL in the current case.



<u>حكم</u>

باسم الشعب اللبناني،

إن محكمة الدرجة الأولى في بيروت، الغرفة الرابعة، الناظرة في القضايا التجارية، المؤلفة من الرئيس جورج حرب والعضوين إيهاب بعاصيري وجو خليل،

لدى التدقيق والمذاكرة،

وعطفاً على القرار المختلط الصادر عن هذه المحكمة بتاريخ ٢٠١٤/١٢/١٠،

حيث تبين أن القرار المختلط المذكور أعلاه عرض وقائع الدعوى الراهنة لغاية تاريخ صدوره والأسباب والمطالب المدلى بها من قبل الفريقين، وقضى:

أولاً بتصحيح الخصومة واستبدال تسمية المصرف المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. لتصبح "شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)"،

ثانياً بتصحيح الخصومة واعتبار أن الدعوى مقامة بوجه المدعى عليه جورج إدوار زرد أبو جوده بصفته الشخصية وبصفته رئيس مجلس إدارة – مدير عام سابق للبنك اللبناني الكندي ش.م.ل. ولشركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، وبوجه المدعى عليه محمد ابراهيم حمدون بصفته الشخصية وبصفته عضو مجلس إدارة – مدير عام مساعد سابق للبنك اللبناني الكندي ش.م.ل. وبصفته عضو مجلس إدارة سابق في شركة أل سي بي إنفستمنتز (هولدنغ) ش.م.ل. وبصفته أحد مصفيي شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)،

ثالثاً، بتصحيح الخصومة وإحلال شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل. في الدعوى الراهنة مكان شركة تراست العالمية للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، وإخراج هذه الأخيرة من المحاكمة،

رابعاً، بقبول طلب التدخل المقدم من السيدين كامل غازي أبو نحل وفادي غازي أبو نحل في الدعوى الراهنة شكلاً،

خامساً بقبول طلب إدخال مصرف سوسيتيه جنرال في لبنان ش.م.ل. في الدعوى الراهنة شكلاً،

سادساً بعدم قبول طلب إبطال القرار الأول والثاني والثالث والرابع من محضر الجمعية العمومية العادية لمساهمي المدعى عليه شركة البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، والتي انعقدت بتاريخ ٢٠١٠/٥/٢٦،

سابعاً، بعدم قبول طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن الضرر الناتج عن أخطائهما في إدارة شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل،

ثامناً برد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين نتيجة أعمال التصفية، للأسباب الواردة في متن هذا القرار،

تاسعاً بإعادة فتح المحاكمة وقيد الدعوى على جدول المرافعات،

١/٩

### Third: Regarding the request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator

And whereas, the plaintiff and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator.

And whereas, the resolution pertaining the determination of the compensation that the defendant Mohamad Ibrahim Hamdoun should receive as a liquidator of the defendant bank has been taken by the ordinary general assembly of the bank's shareholders that was convened on May 4, 2012, and the aforementioned decision was taken by a majority of 237,088,140 votes out of 305,760,000 votes forming this assembly, i.e. 77.54 % of the votes.

And whereas, in counterpart, the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl did not provide any proof that establishes the existence of an abuse by the above mentioned majority on which it can rely on in order to revoke the aforementioned resolution and compel the defendant liquidator Mohamad Ibrahim Hamdoun to give back the amounts he received. Moreover, they didn't provide any proof that establishes the invalidity or unlawfulness of the aforementioned resolution from the formal and substantial perspectives; hence the request of compelling the defendant Mohamad Ibrahim Hamdoun to give back such amounts should be rejected.

And whereas, and giving such result, all other reasons and additional and dissenting requests must be rejected, including the designation of a committee of experts, either for being answered implicitly in the above mentioned explanation or for their futility.

### Therefore,

**Rules unanimously:**

**First:** To rectify the material error set out in the preliminary decision issued by the present court on December 10, 2014, and replace the company name "Nest Investments Holding Lebanon SAL" with the company name "LCB Investments (Holding) SAL" wherever it was mentioned in paragraph 5 of the aforementioned decision and in item "Seventh" of the judgment clause related to it.

**Second:** To reject the request to compel the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun to compensate for any devaluation in the shareholders' rights and for all the bank's damages resulting from the gross and recurrent faults in the management, for the reasons mentioned in the present judgment.

10



### ثالثاً – في طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبررة التي قبضها كمصفٍ

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصفٍ،

وحيث يتبيّن أنّ قرار تحديد قيمة التعويض الذي يتقاضاه المدعى عليه محمد ابراهيم حمدون بصفته مصفّ للمصرف المدعى عليه صدر عن الجمعيّة العموميّة العاديّة لمساهمي المصرف التي انعقدت بتاريخ 4/5/2012، وقد صدر القرار المذكور بأكثريّة /237،088،140/ صوتاً من أصل /305،760،000/ صوتاً تتألّف منهم تلك الجمعيّة أي بنسبة 77،54% من الأصوات،

وحيث بالمقابل لم تقدّم الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أي دليل يثبت وجود تعسّف من قبل الأكثريّة المذكورة أعلاه بمكن الإستناد إليه من أجل إبطال القرار المذكور وإلزام المصفّي المدعى عليه محمد ابراهيم حمدون بإعادة الأموال التي تقاضاها، كما لم تقدّما أي دليل يثبت عدم صحّة أو عدم قانونيّة القرار المذكور من الناحيتين الشكليّة والموضوعيّة، الأمر الذي يقتضي معه ردّ طلب إلزام المدعى عليه محمد ابراهيم حمدون بإعادة تلك الأموال،

وحيث بالوصول إلى هذه النتيجة، يقتضي ردّ سائر الأسباب والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء، إمّا لأنها لاقت جواباً ضمنيّاً في التعليل المساق أعلاه وإمّا لعدم الجدوى،

لذلك،

### تحكم بالإجماع:

أولاً – بتصحيح الخطأ المادي الوارد في القرار المختلط الصادر عن هذه المحكمة بتاريخ 10/12/2014، واستبدال إسم "شركة نست إنفستمنتز هولدنغ لبانون ش.م.ل." بإسم "شركة آل سي بي إنفستمنتز (هولدنغ) ش.م.ل." أينما ورد في الفقرة "خامساً" من القرار المذكور، وفي الفقرة "سابعاً" من الفقرة الحكميّة العائدة له،

ثانياً – بردّ طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدني في حقوق المساهمين وعن جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة، للأسباب الواردة في متن هذا الحكم،

ثالثاً – بردّ طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ التي قبضها بصفته كمصفٍ، للأسباب الواردة في متن هذا الحكم،

رابعاً – بردّ سائر الإدلاءات والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء،

**Third:** To reject the request to compel the defendant Mohamad Ibrahim Hamdoun to give back the amounts that he received as a liquidator to the defendant bank, for the reasons mentioned in the present judgment.

**Fourth:** To reject all other statements and additional and dissenting requests, including the request of designating a committee of experts.

**Fifth:** To make each of the plaintiffs Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding Lebanon SAL, Trust International Insurance and Reinsurance Company (Trust Re), Qatar General Insurance and Reinsurance Company SAQ, Jordanian Expatriates Invest. Holding Co., Trust International Insurance Company (Cyprus) Limited, and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, pay all the legal fees.

Judgment rendered publicly in Beirut on March 2, 2016

| The Clerk | The member (Joe Khalil) | The member (Ihab Baasiri) | The President (Georges Harb) |
|---|---|---|---|
| Signed | Signed | Signed | Signed |



11

| هامش | |
|---|---|
| | خامساً – بتضمين الجهة المدعية المؤلفة من كلٍّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبنان ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، النفقات القانونيّة كافة، |

حكماً صدر وأفهم علناً في بيروت بتاريخ ٢٠١٦/٣/٢

| الكاتبة | العضو (جو خليل) | العضو (إيهاب بعاصيري) | الرئيس (جورج حرب) |