UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

GHAZI ABU NAHL, et al.,
        Plaintiffs,

v.

GEORGES ZARD ABOU JAOUDE, et al.,
        Defendants,

15-cv-09755 (LGS)

---

## DECLARATION OF PROFESSOR MARIE-CLAUDE NAJM KOBEH

### I.  Qualifications

1. My name is Marie-Claude Najm Kobeh. I have been asked to prepare this declaration by counsel for plaintiffs in the above-captioned action.

2. I am Professor of the Faculty of Law and Political Science, and President of the Department of Private Law, at Saint-Joseph University of Beirut. I also serve as Director of the Center for Legal Studies and Research for the Arab World.

3. I received a Bachelor's Degree in Lebanese Law and a post-Master's Degree in Private Law from Saint-Joseph University of Beirut, as well as a Master's Degree in Private Law from the Université Panthéon-Assas in Paris. I received a Ph.D. from the Université Panthéon-Assas in 2003. My curriculum vitae is attached as Exhibit A.

4. I am also trained as a lawyer and have been a member of the Beirut Bar since 1994. My areas of practice include civil law, commercial law, and private international law.

5. I have extensively studied the Lebanese judicial system and am familiar with its operations and procedures.

## II. Authority of adjudicated matter

6. Under Lebanese law a judicial decision enjoys the "authority of adjudicated matter" (*res judicata*) in Lebanon only when the following requirements are met: (a) the first decision is final, (b) the identities of the parties and the capacity in which they are acting in the two actions are identical, (c) the subject matter of the claims are the same, and (d) the causes of action are identical (Art. 303 of the Lebanese Code of Civil Procedure "LCCP").

7. *Res judicata* attaches only to the disputed matters that have been effectively debated by the parties and resolved by the decision. Consequently, any matter that has been disputed but not ruled upon, or that has been resolved without having been disputed, does not have *res judicata* effect. *Res judicata* also cannot bear a cause of action that was not asserted in a prior proceeding because, as noted, the causes of action must be identical for *res judicata* to apply.

## III. Derivative Claims

8. A derivative claim by a shareholder on behalf of a corporation can be brought when the corporation has suffered an injury as a result of mismanagement (Articles 167 and 168 of the Lebanese Code of Commerce- LCCO), and could also be brought, according to the most prominent scholars, as a result of corporate fiduciary's fraud, violation of the law or breaches of the statutes referred to in Article 166 LCCO (E. Tyan, *Droit commercial*, 2nd ed., Hachette-Antoine, Vol. 1, 2017, para. 632; Ch. Fabia et P. Safa, *Précis de Code de commerce annoté*, 2nd ed., Vol. I, 2004, pp.293-294).

9. The damages recovered by any individual shareholder in a derivative action under Lebanese law are limited proportionately to that shareholder's ownership in the corporate entity,

but the corporate entity cannot prevent the shareholder's right to pursue his claims, regardless of the size of the shareholder's ownership.

### IV.    Jurisdiction

10.    Lebanese courts have jurisdiction over disputes related to legal entities based in Lebanon (Article 101 LCCP) or to defendants domiciled in Lebanon (Article 97 LCCP). However, this jurisdiction is not exclusive of the jurisdiction of other courts that may adjudicate the same dispute. The principle of exclusive jurisdiction would apply only in limited circumstances not applicable here such as disputes related to the judicial seizure of assets situated in Lebanon. The jurisdiction conferred by Articles 97 and 101 LCCP is also non-mandatory.

Under penalty of perjury under the laws of the United States, I declare that the foregoing is true and correct to the best of my knowledge and belief.

*Beirut, on January 20th, 2018*

_____
Marie-Claude Najm Kobeh