UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Ghazi Abu Nahl, et al.

        Plaintiffs,

v.

Georges Zard Abou Jaoude, et al.

        Defendants.

Civ. No. 1:15-cv-9755 (LGS)(JCF)

## DECLARATION OF GEORGES WAKIM

I, Georges Wakim, hereby declare and affirm as follows:

1. I am a lawyer registered with the Beirut bar association and a member of the legal team handling legal proceedings of the Nest Investments Holding SAL ("Nest") in Lebanon and the United States. As such I am familiar with the legal proceedings involving Mr. Ghazi Abu Nahl and Nest in Lebanon, in particular court case number 147/2011 in which Mr. Abu Nahl and Nest are Claimants ("The Lebanese Action").

2. I have reviewed the First Amended Complaint in case 15 Civ. 9755 (LGS) brought before the United States District Court for the Southern District of New York ("The US Action"). Based on this review, I affirm that the Lebanese Action and the US Action are not based on the same set of facts. The Plaintiffs in the Lebanese Action allege various errors and breaches of the applicable Lebanese regulations committed by the general management of the Lebanese Canadian Bank SAL ("LCB") in the conduct of its business. Unlike the US Action, the Lebanese Action is not based on the money laundering scheme documented by the United States Government to aid and abet Hezbollah using United States

1

banks and car dealers, nor does the Lebanese Action rely on the facts concerning that money laundering scheme.

3. While the 2011 finding of the U.S. Treasury Department concerning LCB and the consequences of that Treasury finding, including the forfeiture, are referenced in Plaintiffs' papers in the Lebanese Action, the money laundering scheme to benefit Hezbollah documented by the United States Government does not constitute the factual basis for the Lebanese Action, the facts concerning that scheme were not presented to the court in the Lebanese Action, and the aiding and abetting of terrorism by defendants documented by the United States Government that is at issue in the US Action was not litigated before the Lebanese court. The Lebanese Action is based on mismanagement under Lebanese law, while the U.S. case is based on terrorist financing, violations of international law and the Alien Tort Claims Act.

4. The Court of First Instance of Beirut looking into the Lebanese Action decided the case by virtue of decisions dated 10 December 2014 and 2 March 2016. These decisions are subject to further review and revision before the Court of Appeal, which is presently reviewing all of the First Instance's Court decisions related to the case. The review by the Court of Appeal is still subject to an exchange of motions. Once the exchange is over, the Court of Appeal will issue its judgment addressing all matters raised by the parties.

5. Ahmad Safa, a defendant in the US Action, was not a party to the Lebanese Action. Other claimants and defendants are also different as between the two cases.

6. The Plaintiffs in the US Action are shareholders of LCB. Although in liquidation, LCB remains recognized as a juridical entity and the status of its shareholders remains unaffected until the end of the liquidation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 18 January 2018.

_____
Georges Wakim