# EXHIBIT 1A

*MILAD M. NOUJEIM – CERTIFIED TRANSLATOR*
*Translation – Consulting – Legalization*
*Beirut – Damascus Road – Near Justice Palace – Joe Tabet Building*
*Tel / Fax: 01/380912/13 ; Mobile : 03/356045*
*E-mail: njeimtranslation@hotmail.com*

LEGAL TRANSLATION

---

Richard Chemali
Honorary dean of the Faculty of Law and
Political Sciences at Saint-Joseph University
Attorney-at-law

Antoine Merheb
Attorney-at-law

Honorable Tribunal of First Instance at Beirut
Writ of summons

Beirut, May 26, 2011

**The plaintiffs:**

1- Ghazi Kamel ABOU NAHL
2- Sheikh Nasser Ali Saoud Thani AL THANI
3- Jamal Kamel ABOU NAHL
4- Hamad Ghazi ABOU NAHL
5- Trust Compass Insurance Company S.A.L.
6- Nest Investments Holding Lebanon S.A.L.
7- Trust International Insurance & Reinsurance Company B.S.C. Trust Re
8- Qatari General Insurance and Reinsurance Company S.A.Q
9- Jordanian Expatriates Invest. Holding Co.
10- Trust International Insurance Company (Cyprus) Limited

Represented by their attorney-at-law the Dean Richard Chemali and Lawyer Antoine Merheb
As per the attached powers of attorney (documents N°1 to 10)

**Against the defendants:**

1- Mr. Georges Zard ABOU JAOUDE
   As Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank S.A.L. and of the company LCB Investments (Holding) S.A.L

2- Mr. Mohammad HAMDOUN
   As member of the Board of Directors and Deputy General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company LCB Investments (Holding) S.A.L

3- The Lebanese Canadian Bank S.A.L.

All of them are domiciled at the Head Office of Lebanese Canadian Bank - Mina El Hosn – Civil Center Building - Saint-Charles - Beirut



*This section was intentionally left blank*

TRANSLATION of the highlighted segment in page 6

13- In the beginning of February 2011 the group was very astonished of the US Treasury decision accusing the General Administration of the Bank and its subsidiary companies of Money Laundering in addition to the procedures taken by the US Treasury pursuant to the provisions of Chapter 311 of the Patriot Act.

==================================================================

Literal translation of the Arabic highlighted segments herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, February 08, 2018

3

*MILAD M. NOUJEIM – CERTIFIED TRANSLATOR*
*Translation – Consulting – Legalization*
*Beirut – Damascus Road – Near Justice Palace – Joe Tabet Building*
*Tel / Fax: 01/380912/13 ; Mobile : 03/356045*
*E-mail: njeimtranslation@hotmail.com*

LEGAL TRANSLATION

Antoine Merheb
Attorney-at-law

      Honorable Tribunal of First Instance at Beirut
      Division ruling in commercial affairs
      (Chamber of President Georges Harb)

      Pleading

Case Number: 147/2011
Judgment date: July 02, 2014

      Beirut, June 04, 2014

**The plaintiffs:**

1- Ghazi Kamel ABOU NAHL
2- Sheikh Nasser Ali Saoud Thani AL THANI
3- Jamal Kamel ABOU NAHL
4- Hamad Ghazi ABOU NAHL
5- Trust Compass Insurance Company S.A.L.
6- Nest Investments Holding Lebanon S.A.L.
7- Trust International Insurance & Reinsurance Company B.S.C. Trust Re
8- Qatari General Insurance and Reinsurance Company S.A.Q
9- Jordanian Expatriates Invest. Holding Co.
10- Trust International Insurance Company (Cyprus) Limited

**Petitioners of introduction in the hearings:**

- Kamel Ghazi ABOU NAHL
- Fadi Ghazi ABOU NAHL

All of them are represented by their attorney-at-law Mr. Antoine Merheb

**Against the defendants:**

1- Mr. Georges Zard ABOU JAOUDE
   In his personal capacity and as former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank S.A.L. and of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

2- Mr. Mohammad HAMDOUN
   In his personal capacity and as former member of the board of Directors and General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

3- The Lebanese Canadian Bank S.A.L. (under liquidation)

All of them are represented by their attorney-at-law Mr. Maroun ZEIN.

**Third person to be introduced in the hearings**

Société Général de Banque au Liban S.A.L. (SGBL)
Represented by its attorney-at-law Mr. Joseph Khoury El-Helou

*This section was intentionally left blank*



2

*TRANSLATION of the highlighted segments in pages 5 and 6*

### 3. Concerning the settlement with the US Authorities:

We reiterate each word and expression of our words and expressions mentioned in our pleas and we draw the attention of the defendants that the Group was never a party neither in the pursuit nor in the settlement, and that if it has voted, without encouragement, on the resolution by virtue of which that the Bank under liquidation approved the settlement, such approval does not constitute a gratitude of the acts done by the defendants nor a congratulation of what it has done intentionally or unintentionally that led to fining the bank with 102 million US Dollars.

The vote of the group on the resolution mentioned above was aiming to put an end to the damages, particularly that the defendants and their US attorneys have threatened that the US Administration will not cease the pursuit unless all the shareholders will vote on the settlement without any exception.

Therefore,

We have claimed in the present lawsuit that the defendants shall exclusively bear the imposed penalty on the Bank because of their bad comportment.

### 4. Concerning the violation of the provisions of the anti-money laundering law

We reiterate all our pleas statements in this concern, particularly that there are more than one report and letter issued by the control authorities that mention to such failure of the General Administration in taking of the sufficient procedures for fighting Money laundering.

===============================================

Literal translation of the Arabic highlighted segments herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, February 08, 2018

3

*MILAD M. NOUJEIM – CERTIFIED TRANSLATOR*
*Translation – Consulting – Legalization*
*Beirut – Damascus Road – Near Justice Palace – Joe Tabet Building*
*Tel / Fax: 01/380912/13 ; Mobile : 03/356045*
E-mail: njeimtranslation@hotmail.com

LEGAL TRANSLATION

## Abou Hamad – Merheb – Chamoun – Chedid Law Office

Khalil Abou Hamad (1936 – 1992)
Antoine Merheb
Iskandar Nassif
Elie Chamoun
Nassib Chedid
Nada Abou Hamad
Rachid Farah
Hadi Rached
Nicolas Jahchan
Maria Mojaes
Faysal Tarabey
Isabelle Kallab
Khalil Cozma
Noha Yasmine
Sandra Habib
Majed Harb
Naji Khairallah

Honorable Tribunal of First Instance at Beirut
Division ruling in commercial affairs
(Chamber of President Georges Harb)

Plea in execution of the preliminary decision

Beirut, March 18, 2015

Case Number: 147/2011
Hearing date: March 18, 2015

**The plaintiffs:**

1- Ghazi Kamel ABOU NAHL
2- Sheikh Nasser Ali Saoud Thani AL THANI
3- Jamal Kamel ABOU NAHL
4- Hamad Ghazi ABOU NAHL

5- Trust Compass Insurance Company S.A.L.
6- Nest Investments Holding Lebanon S.A.L.
7- Trust International Insurance & Reinsurance Company B.S.C. Trust Re
8- Qatari General Insurance and Reinsurance Company S.A.Q
9- Jordanian Expatriates Invest. Holding Co.
10- Trust International Insurance Company (Cyprus) Limited

**Petitioners of introduction in the hearings:**

- Kamel Ghazi ABOU NAHL
- Fadi Ghazi ABOU NAHL

All of them are represented by their attorney-at-law Mr. Antoine Merheb

**Against the defendants:**

1- Mr. Georges Zard ABOU JAOUDE
   In his personal capacity and as former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank S.A.L. and of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

2- Mr. Mohammad HAMDOUN
   In his personal capacity and as former member of the board of Directors and General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

3- The Lebanese Canadian Bank S.A.L. (under liquidation)

All of them are represented by their attorney-at-law Mr. Maroun ZEIN.



2

### Third person to be introduced in the hearings

Société Général de Banque au Liban S.A.L. (SGBL)
Represented by its attorney-at-law Mr. Joseph Khoury El-Helou



*This section was intentionally left blank*



3

*TRANSLATION of the highlighted segments*

In the present case,

The damages complained of, are principally, if not exclusively, generated from the acts and comportments of the general administration, i.e. the chairman of the Board of Directors and the delegated member Mr. Hamdoun.

In fact, the huge and most significant losses are emanated, as we have demonstrated in our pleas and conclusions:

- From the foreign investments monopolization and domination of the general administration of the Bank and its subsidiary companies and their violation of the national and foreign regulations and laws.

- From bad credits the general administration has granted without serious study, which led to losses and to the formation of huge provisions particularly upon assigning the debts in favor of SGBL that has refused great and significant amounts enforcing both liquidators to repurchase them illegally.

- From the pursuit of the Bank and its General Administration by the US Treasury for the Money Laundering accusation which has reflected a huge loss of 102 million US Dollars that the General Administration has imposed on the shareholders.

We have explained with expatiation in our previous pleas and conclusions and confirmed that the group members of the board of directors did never participate in the resolutions that the general administration has taken separately, and more than that, they have always called its attention and expressed their objection with regard to its administration of the bank and of the subsidiary companies or with regard to the marginalizing the role of the Board of Directors.

4

===================================
Literal translation of the Arabic highlighted segments herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, February 08, 2018

[Signature and certified translator stamp: Milad Noujeim, Beirut - Lebanon, FAX: 01/350912 - TEL 01/350913, 03/356045]

*MILAD M. NOUJEIM – CERTIFIED TRANSLATOR*
*Translation – Consulting – Legalization*
*Beirut – Damascus Road – Near Justice Palace – Joe Tabet Building*
*Tel / Fax: 01/380912/13 ; Mobile : 03/356045*
E-mail: njeimtranslation@hotmail.com

**LEGAL TRANSLATION**

Law Firm
Mazen Mohammad KHALIFE
Attorney-at-law
Beirut – Ras El Nabeh – Bechara El Khoury Avenue – Wafak Building, 2nd floor
Tel/Fax: 01 656753  - 01 663172
Mobile: 03 237992

Honorable Civil Tribunal of First Instance at Beirut
The Division ruling in commercial affairs

Comprehensive written plea as oral pleading
Submitted by:

**The plaintiffs:**

1- Ghazi Kamel ABOU NAHL
2- Sheikh Nasser Ali Saoud Thani  AL THANI
3- Jamal Kamel ABOU NAHL
4- Hamad Ghazi ABOU NAHL
5- Trust Compass Insurance Company S.A.L.
6- Nest Investments Holding Lebanon S.A.L.
7- Qatari General Insurance and Reinsurance Company S.A.Q
8- Jordanian Expatriates Invest. Holding Co.
9- Trust International Insurance Company (Cyprus) Limited

Represented by their attorney-at-law Mr. Mazen KHALIFE

**The petitioners of introduction in the hearings**

1- Kamel Ghazi ABOU NAHL
2- Fadi Ghazi ABOU NAHL

Represented by their attorney-at-law Mr. Mazen KHALIFE

**Against the defendants:**

1- Mr. Georges Zard ABOU JAOUDE
In his personal capacity and as former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank S.A.L. and of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

2- Mr. Mohammad HAMDOUN
In his personal capacity and as former member of the board of Directors and General Manager of the Lebanese Canadian Bank S.A.L. and member of the Board of Directors of the company LCB Investments (Holding) S.A.L and as one of the liquidators of Lebanese Canadian Bank S.A.L. (under liquidation)

3- The Lebanese Canadian Bank S.A.L. (under liquidation)

Represented by the lawyer Mr. Maroun Zein

**Third person to be introduced in the hearings:**

Société Général de Banque au Liban S.A.L. (SGBL)
Represented by the attorney-at-law Mr. Joseph KHOURY EL HELOU

**Action N°:** 147/2011
**Hearing date:** February 01, 2016

2

*TRANSLATION of the highlighted segments in page 7*

- The responsibility of both defendants of the violations committed in the Bank during the period of their administration of the Bank and of its resources is a personal responsibility and not the collective responsibility of the board of directors. **The US indictment decision, as well as the settlement agreement signed with the US Government, have affirmed the responsibility of both defendants in their capacity of Chairman of the board of Directors and General Manager of the company. Furthermore, the indictment decision issued by the US Treasury has mentioned the names of administrative employees of the Bank,** which affirm that the responsibility of both defendants, Messrs. HAMDOUN and ABOU JAOUDE, is independent in its legal and factual origin from the members of the board of directors.

- Burdening the Bank with the sum of 102 million US Dollars and causing its strike off from the list of Banks, in addition to the violations mentioned here above in order to realize personal profits of both defendants and their associates to the detriment of the bank, and inflicting this latter upon the decrease of its value and the profits against such profits, all such things are emanating from a personal act of both defendants by abusing their administrative titles in the bank and violating the common interest. The approval of the settlement decision with the US Government by the board of directors, including the members representing our clients after the disaster occurrence, and in light of attempting the decrease of the losses, does not deny the liability consequence of both defendants and their administrative subordinate employees of the violations and contraventions described in the indictment decision and that have caused the disaster. It is a responsibility emanating from an act implying on the wrongdoer and causer to compensate the corporate person and shareholders of the damages and missed profits.

3

===========================================

Literal translation of the Arabic highlighted segments herewith enclosed
The certified translator Milad NOUJEIM – Expert N° 212 – Official Gazette N°5 of 29/01/2011
Beirut, February 08, 2018

[Seal: Certified Translator Milad Noujeim, Beirut - Lebanon, FAX: 01/380912 - TEL 01/380913, 03/356045, E-mail: nembarslator@hotmail.com]

4