# EXHIBIT 2

## JUDGMENT

In the name of the Lebanese people

The Tribunal of First Instance at Beirut, Chamber four, ruling in commercial affairs, composed of the President Georges Harb and the members Ihab Baasiri and Joe Khalil.

Upon verification and deliberation.

And in addition to the preliminary decision issued by this court on December 10, 2014,

Whereas it was found that the preliminary decision mentioned above presented the facts of the current case until the date of its issuance, and the reasons and the demands made by the two parties, and ruled:

**First:** To correct the rivalry and replace the name of the defendant bank the "Lebanese Canadian Bank SAL", to become the "Lebanese Canadian Bank SAL (Under Liquidation)".

**Second:** To correct the rivalry and to consider that the suit was filed against the defendant Georges Edward Zard Abu Jaoude in his personal capacity and in his capacity as a former Chairman of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL and of LCB Investments (Holding) SAL and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation), and against the defendant Mohammed Ibrahim Hamdoun in his personal capacity and in his capacity as a former member of the Board of Directors – General Manager of the Lebanese Canadian Bank SAL, and as a former member of the Board of Directors of LCB Investments (Holding) SAL and as one of the liquidators of the Lebanese Canadian Bank Company SAL (Under Liquidation).

**Third:** To correct the rivalry and to replace Trust International Insurance and Reinsurance Company (Trust Re) with Nest Investments Holding Lebanon SAL in the current case, and to remove Trust International for Insurance and Reinsurance (Trust Re) from the trial.

**Fourth:** To accept in form the request of the intervention of Mr. Kamel Ghazi Abu Nahl and Mr. Fadi Ghazi Abu Nahl in the current case.

**Fifth:** To accept in form the request for the invocation of Societe Generale de Banque au Liban SAL in the current case.

**Sixth:** Not to accept the request for revocation of the first, second, third, and fourth decisions of the minutes of the Annual Ordinary General Assembly meeting of the shareholders of the Lebanese Canadian Bank SAL convened on May 26, 2010.

**Seventh:** Not to accept the request to compel the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun to compensate for damages caused by their faults in the management of Nest Investments Holding Lebanon SAL.

**Eighth:** To reject the request to compel the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun to compensate for any devaluation in shareholders' rights as a result of the liquidation proceedings, for the reasons stated in the this decision.

**Ninth:** To reopen the trial and put the case on the schedule of pleadings.

**Tenth:** To assign the defendants and the interveners on one hand and the invoked bank on the other hand, to discuss the matter of the extent to which the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun can be held accountable without the other members of the Board of Directors of the defendant bank and the Holding company, in light of the provisions of Article 170 of the Law of Commerce, and to assign the plaintiffs and the interveners to submit a copy of the decision of the General Assembly regarding the allocations of defendant Mohamed Ibrahim Hamdoun as a liquidator.

And it turns out that on March 18, 2015, the plaintiffs composed of Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding Lebanon SAL, Trust International Insurance and Reinsurance Company (Trust Re), Qatar General Insurance and Reinsurance Company SAQ, Jordanian Expatriates Invest. Holding Co., Trust International Insurance Company (Cyprus) Limited, and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, have filed a motion in implementation of the preliminary decision, reiterating their statements and demands, and they stated that in principle the responsibility of the board members, pursuant the provisions of Article 170 of the Law of Commerce, is personal and particular to each member for every crime or quasi-crime or fault committed, and in proportion to the damage caused by him, and the responsibility shall not be joint between the members of the Board of Directors unless the damage complained of is the result of a mutual and indivisible decision.

And that the damages complained of in the present case are, mainly and exclusively, the result of the acts and actions of the general management, i.e. the Chairman of the Board the defendant Georges Edward Zard Abu Jaoude and the member assigned with the management of the bank with him the defendant Mohammed Ibrahim Hamdoun, and those acts can be summarized as follows:

2



- Domination and control of the defendants of the external investments of the defendant bank and its subsidiaries, since they have made huge investments in companies outside Lebanon without any study of the risks of these operations or any serious guarantees to cover them.

- Granting bad loans without serious study, which led to losses and creation of huge provisions, especially upon the transfer of debts to the invoked party Societe Generale de Banque au Liban SAL, which has rejected many of the debts in large amounts, forcing the defendant bank to buy back a very large part of these debts, knowing that the defendants Georges Edward Zard Abu Jaoude and Mohammed Ibrahim Hamdoun granted these debts without presenting them to the Board of Directors of the Bank according to the provisions of the circular issued by the Central Bank of Lebanon number 81 related to the operations of lending, employment, contribution and participation, and also prevented from giving information about those debts invoking banking secrecy even though the bank is under liquidation.

- The prosecution of the defendant bank by the US Treasury for money laundering, which led to the transfer of its assets and rights to the invoked party Societe Generale de Banque au Liban SAL, and its dissolution and liquidation, and caused a huge loss of $102,000,000, due to the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun who were members of the Anti-Money Laundering Committee at the bank and they concealed from the Board of Directors the warnings stated in the audit reports and the reports of the Banking Control Commission on their recklessness to monitor and fight the acts that conceal money laundering, and their recklessness was proven by virtue of several reports and letters issued by the controlling bodies, including the letter issued on April 26, 2008 by the Banking Control Commission, and the report issued by the auditor on March 24, 2009 and another report issued on April 21, 2010 by the auditor too.

The Plaintiffs and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, requested to compel the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun to jointly settle a compensation for the damage caused to the plaintiffs and interveners due to devaluation of their rights in the defendant bank as a result of acts of fraud committed by the defendants and as a result of their violation of the law and regulations and the articles of association of the bank pursuant to the provisions of Article 166 of the Law of Commerce, and they also requested that the defendants Georges Edward Zard Abu Jaoude and Mohamed Ibrahim Hamdoun jointly hold, all damages caused to the defendant bank resulting from gross and recurrent faults in the management, and to compel them to jointly pay a compensation pursuant to the provisions of Articles 167 and 168 of the Law of Commerce, knowing that they estimate the total claimed damage at an amount of $8,000,000, and they also requested to compel the defendant Mohamed Ibrahim Hamdoun to give back to the defendant bank the unjustified amounts he had received as a liquidator, and to compel the invoked party

3



**Third: Regarding the request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator**

And whereas, the plaintiff and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl request to compel the defendant Mohamad Ibrahim Hamdoun to give back to the bank the unjustified amounts that he received as liquidator.

And whereas, the resolution pertaining the determination of the compensation that the defendant Mohamad Ibrahim Hamdoun should receive as a liquidator of the defendant bank has been taken by the ordinary general assembly of the bank's shareholders that was convened on May 4, 2012, and the aforementioned decision was taken by a majority of 237,088,140 votes out of 305,760,000 votes forming this assembly, i.e. 77.54 % of the votes.

And whereas, in counterpart, the plaintiffs and the interveners Kamel Ghazi Abou Nahl and Fadi Ghazy Abou Nahl did not provide any proof that establishes the existence of an abuse by the above mentioned majority on which it can rely on in order to revoke the aforementioned resolution and compel the defendant liquidator Mohamad Ibrahim Hamdoun to give back the amounts he received. Moreover, they didn't provide any proof that establishes the invalidity or unlawfulness of the aforementioned resolution from the formal and substantial perspectives; hence the request of compelling the defendant Mohamad Ibrahim Hamdoun to give back such amounts should be rejected.

And whereas, and giving such result, all other reasons and additional and dissenting requests must be rejected, including the designation of a committee of experts, either for being answered implicitly in the above mentioned explanation or for their futility.

Therefore,

**Rules unanimously:**

**First:** To rectify the material error set out in the preliminary decision issued by the present court on December 10, 2014, and replace the company name "Nest Investments Holding Lebanon SAL" with the company name "LCB Investments (Holding) SAL" wherever it was mentioned in paragraph 5 of the aforementioned decision and in item "Seventh" of the judgment clause related to it.

**Second:** To reject the request to compel the defendants Georges Edward Zard Abou Jaoude and Mohamad Ibrahim Hamdoun to compensate for any devaluation in the shareholders' rights and for all the bank's damages resulting from the gross and recurrent faults in the management, for the reasons mentioned in the present judgment.

10



**Third:** To reject the request to compel the defendant Mohamad Ibrahim Hamdoun to give back the amounts that he received as a liquidator to the defendant bank, for the reasons mentioned in the present judgment.

**Fourth:** To reject all other statements and additional and dissenting requests, including the request of designating a committee of experts.

**Fifth:** To make each of the plaintiffs Ghazi Kamel Abu Nahl, Sheikh Nasser Ali Saoud Thani Al-Thani, Jamal Kamel Abu Nahl, Hamad Ghazi Abu Nahl, Compass Insurance SAL, Nest Investments Holding Lebanon SAL, Trust International Insurance and Reinsurance Company (Trust Re), Qatar General Insurance and Reinsurance Company SAQ, Jordanian Expatriates Invest. Holding Co., Trust International Insurance Company (Cyprus) Limited, and the interveners composed of Kamel Ghazi Abu Nahl and Fadi Ghazi Abu Nahl, pay all the legal fees.

Judgment rendered publicly in Beirut on March 2, 2016

| The Clerk | The member (Joe Khalil) | The member (Ihab Baasiri) | The President (Georges Harb) |
|---|---|---|---|
| Signed | Signed | Signed | Signed |



11

| | هامش |
|---|---|

عاشراً، بتكليف الجهة المدعية والمقرّر إدخالهما من جهة والجهة المدعى عليها والمصرف المقرّر إدخاله من جهة ثانية، بمناقشة مسألة مدى إمكانية مساءلة المدعى عليه جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون دون سواهما من بقية أعضاء مجلس الإدارة في المصرف المدعى عليه وفي الشركة القابضة، على ضوء أحكام المادة 170 من قانون التجارة، وبتكليف الجهة المدعية والمقرّر إدخالهما بإبراز صورة عن القرار الصادر عن الجمعيّة العموميّة والمتعلّق بمخصّصات المدعى عليه محمد ابراهيم حمدون كمصرفً،

وتبيّن أنه بتاريخ 2015/3/18، قدّمت الجهة المدعية المؤلّفة من كلّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، لائحة جوابيّة إنفاذاً للقرار التمهيدي، كرّرتًا بموجبها إدلاءاتهما ومطالبهما، وأدلتا فيها بأنه بالمبدأ تكون مسؤوليّة أعضاء مجلس الإدارة سنداً لأحكام المادة 170 من قانون التجارة شخصيّة وخاصة بكل عضو عن كل جرم أو شبه جرم أو خطأ يرتكبه وبنسبة الضرر الذي يسبّبه، ولا تكون المسؤوليّة تضامنيّة بين أعضاء مجلس الإدارة إلا إذا كان الضرر المشكو منه ناتجاً عن قرار مشترك غير قابل للتجزئة،

وبأن الأضرار المشكو منها في الدعوى الراهنة ناتجة بصورة رئيسيّة وحصريّة عن أعمال وتصرّفات انفردت بها الإدارة العامة أي رئيس مجلس الإدارة المدعى عليه جورج إدوار زرد أبو جوده والعضو المكلّف معه بإدارة المصرف المدعى عليه محمد ابراهيم حمدون، ويمكن تلخيص تلك الأعمال بما يلي؛

- استئثار وتحكّم المدعى عليهما المذكوران بالاستثمارات والتوظيفات الخارجيّة للمصرف المدعى عليه والشركات التابعة له، فقد قاما بتوظيفات ضخمة في شركات خارج لبنان من دون أيّة دراسة لمخاطر هذه العمليات أو أيّة ضمانات جديّة لتغطيتها،

- منح تسليفات سيّئة ومن دون إجراء دراسة جديّة الأمر الذي أدى إلى خسائر وتكوين مؤونات ضخمة لا سيما عند التفرّغ عن الديون لمصلحة المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل، الذي رفض العديد من الديون وبمبالغ طائلة فارغم المصرف المدعى عليه على إعادة شراء جزء كبير جداً من تلك الديون، مع العلم أن المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون قاما بمنح تلك الديون من دون عرضها على مجلس إدارة المصرف وفقاً لأحكام التعميم الصادر عن مصرف لبنان تحت الرقم 81/ والمتعلّق بعمليات التسليف والتوظيف والمساهمة والمشاركة، كما تمنعا عن إعطاء معلومات عن تلك الديون متذرعين بالسريّة المصرفيّة بالرغم من أن المصرف أصبح قيد التصفية،

- ملاحقة المصرف المدعى عليه من قبل الخزانة الأميركيّة بتهمة تبييض الأموال الأمر الذي أدى إلى نقل موجوداته وحقوقه إلى المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. وإلى حلّه وتصفيته، وألحق به خسارة هائلة بلغة مبلغاً قدره /102,000,000/ د.أ، ويعود سبب ذلك إلى المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون اللذين كانا عضوين في لجنة مكافحة تبييض الأموال في المصرف وقد أخفيا عن مجلس الإدارة التحذيرات الواردة في تقارير مفوضي المراقبة ولجنة الرقابة على المصارف بشأن تقصيرهما بمراقبة ومكافحة الأعمال التي تخفي تبييض أموال، وقد ثبت تقصيرهما بموجب عدّة تقارير وكتب صادرة عن الهيئات الرقابيّة منها الكتاب الصادر بتاريخ 2008/4/26 عن لجنة الرقابة على المصارف، وتقرير صادر بتاريخ 2009/3/24 عن مفوّض المراقبة وآخر صادر بتاريخ 2010/4/21 عن الجهة عينها،

وطلبت الجهة المدعية والجهة المقرّر إدخالها المؤلّفة من كلّ من السيّد غازي كامل أبو نحل والسيّد فادي غازي أبو نحل إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بأن يسدّدا لهما بالتكافل

9/2

هامش

والتضامن في ما بينهما تعويضاً عن الضرر اللاحق بهما من جراء تدني حقوقهما في المصرف المدعى عليه نتيجة أعمال الغش التي ارتكباها ونتيجة قيامهما بمخالفة القانون والأنظمة ونظام المصرف الأساسي وذلك سنداً لأحكام المادة ١٦٦ من قانون التجارة، كما طلبا تحميل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتكافل والتضامن في ما بينهما جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة، وإلزامهما بأن يسدّدا لهما بالتكافل والتضامن في ما بينهما التعويض العائد لهما سنداً لأحكام المادتين ١٦٧ و١٦٨ من قانون التجارة، مع العلم أنّهما يقدّران مجمل الأضرار المطالب بها بمبلغ يبلغ قدره /٨٠٠٠٠٠٠٠/ د.أ، كما طلبا إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصرف، وإلزام المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. بتسديد أي عطل وضرر قد يحكم به على المصرف المدعى عليه على اعتبار أن جميع التزامات وموجبات هذا الأخير انتقلت إليه، وتعيين خبير أو لجنة خبراء من أجل تحديد جميع الأضرار المادية والمعنوية التي لحقت بالمصرف المدعى عليه ومساهميه من جراء الأخطاء المرتكبة من قِبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون،

وتبيّن أنّه بتاريخ ٢٠١٥/٥/١٣، قدّمت الجهة المدعى عليها المؤلفة من كلٍّ من البنك اللبناني الكندي ش.م.ل. (قيد التصفية)، وجورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون، لائحة جوابية إنفاذاً للقرار التمهيدي، كرّرت بموجبها إدلاءاتها ومطالبها، وأدلت فيها بأنّه يقتضي على المتضرّر أن يثبت اقتراف الفعل الجرمي من قبل أحد أعضاء مجلس الإدارة دون سواه، وأن يثبت مدى الضرر الذي نتج عن ذلك الفعل والرابطة السببية بين الفعل والضرر، بينما الجهة المدعية اكتفت بالزعم أن رئيس مجلس إدارة المصرف المدعى عليه ومديره العام استأثرا وانفردا بالإدارة، واستنتجت أنّهما يسألان عن الأضرار لأنها ناتجة بصورة رئيسية عن تصرّفاتهما الخاطئة،

وبأن جميع التوظيفات والاستثمارات التي موّلها المصرف المدعى عليه أقرّت عبر الشركة القابضة بموجب قرارات اتخذها مجلس الإدارة بالإجماع بناءً على توصيات لجنة المساهمات والمشاركات في المصرف، كما أن كل زيادة لرأسمال إحدى الشركات التابعة كانت تتمّ بموجب قرارات تتخذ في مجلس إدارة الشركة القابضة بالإستناد إلى قرار التمويل المتخذ دائماً بإجماع أعضاء مجلس إدارة المصرف المدعى عليه، مع العلم أن ٩٦% من قرارات مجلس إدارة المصرف المدعى عليه كانت تتخذ بالإجماع بمشاركة ممثلي الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، كما أن هؤلاء تولوا مناصباً في أغلبية اللجان الخاصة في المصرف، كما أنّه لم يتم تدوين أي اعتراض من أي من أعضاء مجلس الإدارة على القرارات المتعلقة بالتوظيفات والاستثمارات الخارجية،

وبأن التقرير المنظّم من قبل مصفيي المصرف المدعى عليه تضمن شرحاً وافياً للإجراءات المتخذة والنتائج المحققة من أجل المحافظة على حقوق المصرف ومصالح المساهمين فيه، ويتبيّن من التقرير المذكور أنّه فور حصول التفرّغ عن موجودات ومطلوبات المصرف، اعتبر المقرّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل. أن الديون الواجب مراجعتها تبلغ /٦٠٠٠٠٠٠٠٠٠/ د.أ. من أصل مجموع المحفظة البالغ /١٠٩٠٠٠٠٠٠٠٠/ د.أ، أي بنسبة تفوق ٣١%، فتمّ التوافق مع المقرّر إدخاله المذكور على اقتطاع مبلغاً قدره /١٤٨٠٠٠٠٠٠٠/ د.أ. من أصل ثمن التفرّغ تمّ إيداعه في حساب حراسة أول، كما اقتطع مبلغاً قدره /١٥٠٠٠٠٠٠٠/ د.أ. تمّ إيداعه في حساب حراسة آخر من أجل تغطية الديون قيد المراجعة، ولكن نتيجة الجهود الجبارة التي بذلها المصفيان وخاصةً المدعى عليه محمد ابراهيم حمدون، تمّ التوصل خلال أقل من شهرين إلى تحرير كامل حساب الحراسة الأول من خلال تسوية الديون التي كانت معتبرةً هالكةً، كما تمّت ملاحقة العملاء وقد أسفر ذلك عن تخفيض لائحة الديون من /٦٠٠٠٠٠٠٠٠٠/ د.أ. إلى /٥٦٠٠٠٠٠٠٠/ د.أ. في منتصف العام ٢٠١٢، وإلى /٣٥٠٩٠٠٠٠٠٠/ د.أ. بتاريخ ٢٠١٣/٦/٣٠،

وبأن رصيد الديون التي لا تزال عالقة حالياً يبلغ مبلغاً قدره /١٢٠٠٠٠٠٠٠/ د.أ.

وبأنه لا يجوز مساءلة المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون عن الإتهام الموجّه من الإدارة الأميركية إلى المصرف المدعى عليه فقط لأنّهما كانا يتوليان لجنة مكافحة تبييض الأموال في

٩/٣

| | هامش |
|---|---|

المصرف،
وبأنه تقرَّر بمعرض الجمعيّة العموميّة لمساهمي المصرف المدعى عليه المنعقدة بتاريخ 2015/4/28، وبأكثريّة 75% من أصوات المساهمين منح المصفي محمد ابراهيم حمدون مكافأة بمبلغ يوازي بدل أتعابه السنوية، وذلك تقديراً للجهود التي بذلها خلال السنوات الأربعة والتي أدّت إلى تخفيض الديون المشكوك في تحصيلها إلى معدلات غير مسبوقة،
وطلب المدعى عليهم تصحيح الخطأ المادي الذي ورد في القرار التمهيدي الصادر عن هذه المحكمة بتاريخ 2014/2/10، والمتعلّق بتسمية الشركة القابضة آل سي بي انفستمنتز هولدنغ ش.م.ل. والتي وردت سهواً أنها شوكة نست انفستمنتز هولدنغ لبيانون ش.م.ل،

وتبيَّن أنه بتاريخ 2015/6/17، قدّمت الجهة المدعية المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرَّر إدخالها المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل والسيّد فادي غازي أبو نحل، لائحة جوابيّة، كرَّرا بموجبها إدلاءاتهما ومطالبهما، وأدلتا فيها بأنَّ أحكام الفقرة الثانية من المادة 170 من قانون التجارة لا تطبَّق إلا إذا كانت التبعة مشتركة بين جميع أعضاء مجلس الإدارة،
وبأنه لا صحَّة لإدلاءات المدعى عليهم بأنَّ جميع التوظيفات والتسليفات الخاطئة التي قاموا بها قد عرضت على مجلس الإدارة الذي وافق عليها، كما أنَّ الأرقام التي يتذرَّع بها المدعى عليهم والمأخوذة من التقرير المنظَّم من قبل المدعى عليهما جورج إدوار زرزد أبو جوده ومحمد ابراهيم حمدون بتاريخ 2015/4/8، وعن تقرير مفوضي المراقبة هي أرقام غير دقيقة وملتبسة،

وتبيَّن أنه بتاريخ 2015/6/23، قدَّم المقرَّر إدخاله مصرف سوسيتيه جنرال في لبنان ش.م.ل، لائحة جوابيّة ثانية، كرَّر بموجبها إدلاءاته ومطالبه،

وتبيَّن أنه بتاريخ 2015/10/6، قدَّم المحامي أنطوان مرعب، وكيل الجهة المدعية المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرَّر إدخالها المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل والسيّد فادي غازي أبو نحل، كتاب اعتزاله لوكالاته عن كلٍ من أعضاء الجهة المدعية والمقرَّر إدخالها المذكورين أعلاه،

وتبيَّن أنه بتاريخ 2015/12/2، قدَّمت الجهة المدعية المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبيانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرَّر إدخالها المؤلَّفة من كلٍّ من السيّد غازي كامل أبو نحل والسيّد فادي غازي أبو نحل، بواسطة وكيلهما الجديد المحامي مازن خليفة، لائحة جوابيّة، كرَّرتا بموجبها إدلاءاتهما ومطالبهما،

وتبيَّن أنه خلال جلسة المحاكمة المنعقدة بتاريخ 2016/2/1، ترافع وكيل الجهة المدعية المؤلَّفة من كلٍّ

4/9

| | هامش |
|---|---|

ضوء أحكام المادة ١٧٠ المذكورة أعلاه،

وحيث يتبيّن أن الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أدلتا بمعرض جوابهما على القرار المختلط المذكور أعلاه بأنّ الأضرار المشكو منها في الدعوى الراهنة ناتجة بصورة رئيسيّة وحصريّة عن أعمال وتصرّفات انفردت بها الإدارة العامة أي رئيس مجلس الإدارة المدعى عليه جورج إدوار زرد أبو جوده والعضو المكلّف معه بإدارة المصرف المدعى عليه محمد ابراهيم حمدون، وأضافتا أنّه بالمبدأ تكون مسؤوليّة أعضاء مجلس الإدارة سنداً لأحكام المادة ١٧٠ من قانون التجارة شخصيّة وخاصة بكل عضو عن كل جرم أو شبه جرم أو خطأ يرتكبه وبنسبة الضرر الذي يسبّبه، ولا تكون المسؤوليّة تضامنيّة بينهم إلا إذا كان الضرر المشكو منه ناتجاً عن قرار مشترك غير قابل للتجزئة،

وحيث يتبيّن بالتالي أن الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل حصرتا إدلاءاتهما بالمسؤوليّة الفرديّة للمدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون، الأمر الذي يقتضي معه استبعاد المسؤوليّة المشتركة بين جميع أعضاء مجلس إدارة المصرف المدعى عليه والبحث في الأخطاء الشخصيّة المرتكبة من قبل المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون في إدارة المصرف وسياساتهما في ما يتعلّق بالتسليفات وبالتوظيفات الخارجيّة،

وحيث إن المسؤوليّة الفرديّة تفترض وجود عمل أو تصرّف أو فعل فردي شخصي قام به المدعى عليه بشكلٍ يمكن معه اعتبار أنّه يشكّل خطأ من قبله،

وحيث إن المصرف المدعى عليه هو شركة مساهمة لبنانيّة، وبالتالي يتألّف جهازه الإداري بشكل أساسي من مجلس إدارة يضمّ عدداً من الأعضاء ويتولّى تحديد سياسة المصرف وأعماله وتوجّهاته، وبالتالي إنّ جميع القرارات التي تُحدَد تلك السياسات من المفترض أن تكون قد صدرت بشكلٍ مشترك عن مجلس الإدارة بغض النظر عن الجهة التي تسيطر على القرار داخل المجلس المذكور،

وحيث بالمقابل إن الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل لم يقدّما أي دليل يمكن للمحكمة الإستناد إليه من أجل اعتبار أن المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون كانا يعملان في إدارة المصرف بشكلٍ منفرد ويقومان بتحديد سياسة التسليفات والتوظيفات الخارجيّة بمفردهما ودون العودة إلى مجلس الإدارة الذي يتألّف من عدّة أعضاء ومن ضمنهم أعضاء يمثّلون الجهة المدعية والمقرّر إدخالهما، بل يتبيّن من مراجعة استحضار الدعوى الراهنة واللوائح المقدّمة تباعاً من الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أنّهما اكتفيا بعرض الإدلاءات لجهة قيام المدعى عليهما بإدارة المصرف بمفردهما ولجهة انحصار المسؤولية بهما دون سواهما، من دون أن يقدّما أي دليل يثبت أن المدعى عليهما كانا يحدّدان سياسة المصرف من دون العودة إلى مجلس الإدارة،

وحيث انطلاقاً من مجمل ما تمّ عرضه أعلاه، وبما أن الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل لم يقدّما أي دليل على قيام مسؤوليّة فرديّة على المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون في إدارة المصرف وتحديد سياسات التسليف والتوظيفات الخارجيّة وغيرها من الأمور، وبغض النظر عن مدى وجود أخطاء في تلك المجالات من قبل إدارة المصرف أو عدمه، يقتضي معه ردّ طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بأن يسدّدا إلى الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل تعويضاً ناتجاً عن مسؤوليتهما عن الضرر اللاحق بهما من جراء تدني حقوقهما في المصرف المدعى عليه وعن جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة،

٩/٧



| | هامش |
|---|---|

### ثالثاً – في طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصفٍّ

وحيث تطلب الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ غير المبرّرة التي قبضها كمصفٍّ،

وحيث يتبيّن أن قرار تحديد قيمة التعويض الذي يتقاضاه المدعى عليه محمد ابراهيم حمدون بصفته مصفٍّ للمصرف المدعى عليه صدر عن الجمعيّة العموميّة العاديّة لمساهمي المصرف التي انعقدت بتاريخ ٢٠١٢/٥/٤، وقد صدر القرار المذكور بأكثرية /٢٣٧،٠٨٨،١٤٠/ صوتاً من أصل /٣٠٥،٧٦٠،٠٠٠/ صوتاً تتألف منهم تلك الجمعيّة أي بنسبة ٧٧،٥٤% من الأصوات،

وحيث بالمقابل لم تقدّم الجهة المدعية والجهة المقرّر إدخالها المؤلفة من كلٍّ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل أي دليل يثبت وجود تعسّف من قبل الأكثريّة المذكورة أعلاه يمكن الإستناد إليه من أجل إبطال القرار المذكور وإلزام المصفي المدعى عليه محمد ابراهيم حمدون بإعادة الأموال التي تقاضاها، كما لم تقدّما أي دليل يثبت عدم صحّة أو عدم قانونيّة القرار المذكور من الناحيتين الشكليّة والموضوعيّة، الأمر الذي يقتضي معه رد طلب إلزام المدعى عليه محمد ابراهيم حمدون بإعادة تلك الأموال،

وحيث بالوصول إلى هذه النتيجة، يقتضي رد سائر الأسباب والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء، إمّا لأنها لاقت جواباً ضمنيّاً في التعليل المساق أعلاه وإمّا لعدم الجدوى،

لذلك،

**تحكم بالإجماع:**

أولاً – بتصحيح الخطأ المادي الوارد في القرار المختلط الصادر عن هذه المحكمة بتاريخ ٢٠١٤/١٢/١٠، واستبدال إسم "شركة نست إنفستمنتز هولدنغ ليبانون ش.م.ل." بإسم "شركة أل مي بي إنفستمنتز (هولدنغ) ش.م.ل." أينما ورد في الفقرة "خامساً" من القرار المذكور، وفي الفقرة "سابعاً" من الفقرة الحكميّة العائدة له،

ثانياً – برد طلب إلزام المدعى عليهما جورج إدوار زرد أبو جوده ومحمد ابراهيم حمدون بالتعويض عن أي تدنٍّ في حقوق المساهمين وعن جميع الأضرار اللاحقة بالمصرف المدعى عليه والناتجة عن الأخطاء الجسيمة والمتكرّرة في الإدارة، للأسباب الواردة في متن هذا الحكم،

ثالثاً – برد طلب إلزام المدعى عليه محمد ابراهيم حمدون بأن يعيد إلى المصرف المدعى عليه المبالغ التي قبضها بصفته مصفٍّ، للأسباب الواردة في متن هذا الحكم،

رابعاً – برد سائر الإدلاءات والمطالب الزائدة أو المخالفة، بما فيها طلب تعيين لجنة الخبراء،

٨/٩

| | هامش |
|---|---|
| خامساً – بتضمين الجهة المدعية المؤلّفة من كلٌ من السيّد غازي كامل أبو نحل، والشيخ ناصر علي سعود ثاني آل ثاني، والسيّد جمال كامل أبو نحل، والسيّد حمد غازي أبو نحل، وشركة كومباس للتأمين ش.م.ل، وشركة نست إنفستمنتز هولدنغ لبنانون ش.م.ل، وشركة تراست العالميّة للتأمين وإعادة التأمين ش.م.ب. مقفلة ترست ري، والشركة القطريّة العامة للتأمين وإعادة التأمين ش.م.ق، والشركة الاستثماريّة القابضة للمغتربين الأردنيين م.ع.م، وشركة ترست العالميّة للتأمين (قبرص) المحدودة، والجهة المقرّر إدخالها المؤلّفة من كلٌ من السيّد كامل غازي أبو نحل والسيّد فادي غازي أبو نحل، النفقات القانونيّة كافة، <br><br> حكماً صدر وأفهم علناً في بيروت بتاريخ ٢٠١٦/٣/٢ <br><br> الرئيس (جورج حرب)     العضو (إيهاب بعاصيري)     العضو (جو خليل)     الكاتبة | |

٩/٩