**COVINGTON**

BEIJING   BRUSSELS   LONDON   LOS ANGELES
NEW YORK   SAN FRANCISCO   SEOUL
SHANGHAI   SILICON VALLEY   WASHINGTON

Dennis B. Auerbach

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 5226
dauerbach@cov.com

**By Electronic Filing**                                         February 16, 2018

The Honorable Lorna G. Schofield
United States District Judge
United States District Court for
  the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Abu Nahl v. Abou Jaoude*, No. 15 Civ. 09755 (LGS)
      Request for Leave to File Sur-Reply

Dear Judge Schofield:

Plaintiffs Ghazi Abu Nahl and Nest Investments Holding Lebanon SAL respectfully request leave to file a two-page sur-reply in connection with Defendants' motion to dismiss the First Amended Complaint (ECF No. 63).  We have drafted the sur-reply and it is ready for filing if Your Honor grants leave.

Our proposed two-page sur-reply addresses a single issue raised by Defendants for the first time at page 6 of their reply brief (ECF No. 79), and which we accordingly did not have an opportunity to address in our opposition.  In challenging Plaintiffs' ATCA claim in their opening brief, Defendants focused on the fact that LCB and Plaintiffs were not physically injured by crimes against humanity, arguing that "[b]ecause LCB and the Plaintiffs individually were not victims of the Hezbollah rocket attacks underlying the ATS claim, the ATS claim should be dismissed."  ECF No. 64 at 16-17.  We responded to this standing-based argument by showing that financial injury is sufficient to state a claim under the ATCA and that the absence of physical injury to LCB or Plaintiffs is thus irrelevant.  *See* ECF No. 73 at 5-7.

Defendants make a different argument at page 6 of their reply.  Citing the Restatement (2d) of Torts, Defendants now focus on the purported elements of an aiding-and-abetting claim under tort law and assert that Plaintiffs have not pled those elements in a manner sufficient to support an aiding-and-abetting claim under the ATCA.  *See* ECF No. 79 at 6.  While somewhat related to the argument Defendants advanced in their opening brief, this argument focused on claim elements under the Restatement is nonetheless distinct from their prior argument, which focused on

COVINGTON

absence of physical injury and standing. This is evidenced by the fact that Defendants rely on page 6 of their reply on authorities entirely different from those they cited in the ATCA section of their opening brief. *Compare* ECF No. 64 at 15-16 with ECF No. 79 at 6.[1] Because the argument Defendants assert in their reply is distinct and the authorities supporting it are entirely different, we respectfully submit that Plaintiffs should be afforded the opportunity to respond through a two-page sur-reply.

We appreciate Your Honor's attention to our request.

Respectfully submitted,

 s/ Dennis Auerbach
Dennis Auerbach
(admitted *pro hac vice*)

cc: Counsel of Record (via ECF)

---

[1] For one of their new authorities, Defendants fail to make clear that the language they cite is from a (subsequently rejected) concurring opinion, not from the ruling of the court.