UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **Ghazi Abu Nahl,** *et al.* )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>**Georges Zard Abou Jaoude,** *et al.* )<br>)<br>Defendants. )<br>)<br>) | Civ. No. 1:15-cv-9755 (LGS)(JCF) |

---

### REPLY TO PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS GEORGES ZARD ABOU JAOUDE, MOHAMAD HAMDOUN, AND AHMAD SAFA'S MOTION TO DISMISS

---

Mitchell R. Berger (MB-4112)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street NW
Washington, D.C. 20037
Telephone: (202) 457 5601
Facsimile: (202) 457 6315
Email: mitchell.berger@squirepb.com

*Attorneys for Defendants Georges Zard Abou Jaoude, Mohamad Hamdoun, and Ahmad Safa*

*Linde v. Arab Bank, PLC*, 882 F.3d 314 (2d Cir. 2018), forecloses Plaintiffs' arguments that they have been, but need not establish they were, injured directly by Hezbollah's crimes against humanity.  <u>First</u>, Plaintiffs do not allege they were injured directly by Hezbollah's terrorist "attacks on civilians"—the "violation of the law of nations" at issue in their ATS claim.  FAC ¶¶ 5, 74; *see also id.*, ¶¶ 1-4, 147.  Rather, Plaintiffs' real complaint is that Defendants allegedly "line[d] their own pockets" at Plaintiffs' expense, and caused LCB to forfeit funds to the U.S. government that Plaintiffs "<u>as shareholders</u> would have received but for Defendants' scheme."  *Id.*, ¶¶ 1, 6 (emphasis added).

<u>Second</u>, *Linde* refutes Plaintiffs' contention that, for aiding-and-abetting liability, "[t]here is no additional prong requiring injury by the primary perpetrator."  Sur-reply at 2.  *Linde* involved an aiding-and-abetting claim against a bank for financing a terrorist group, just as here.  *Linde* held that the plaintiff must show it was harmed by the primary perpetrator's "violent or life endangering activities" in which the bank "itself assum[ed] a 'role'" by "providing … [financial] services" to the principal wrongdoer.  882 F.3d at 329-30 (applying *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)).  While *Linde* arose under the Antiterrorism Act, it applied the same secondary-liability principles earlier recognized for ATS claims.  *See Licci v. Lebanese Canadian Bank*, 834 F.3d 201, 217-19 (2d Cir. 2016) (discussing aiding-and-abetting liability for the same Hezbollah "rocket attacks" at issue here).  Plaintiffs here consciously emulate the *Licci* ATS aiding-and-abetting claim against LCB (FAC ¶ 7), but the *Licci* plaintiffs—unlike Plaintiffs here—were harmed by the principal wrongdoer (Hezbollah).

Through its focus on "assisting the principal" in "violent or life endangering activities" (882 F.3d at 329-30), *Linde* plainly presupposes that an aiding-and-abetting plaintiff must show injury directly from the principal's violent terrorist acts.  *Linde* (like *Halberstam* and Judge Hall's concurrence in *Khulumani v. Barclay Nat'l Bank Ltd.*, 504 F.3d 254, 287 (2d Cir. 2007)) thus conforms fully with Restatement 2d Torts § 876, which requires that an aiding-and-abetting plaintiff allege and prove harm from the principal's violent acts—not from the secondary actor's facilitative acts.  *Halberstam* itself

proves this point: the plaintiff there (the decedent's estate) was injured by the murder committed by the principal's violent acts, not by the secondary actor's fencing of stolen goods. The *Halberstam* factors, as adopted in *Linde*, thus focus on the link between the secondary actor and the violent act of the primary tortfeasor. *Linde*, 882 F.3d at 329 (focusing on the "defendant's presence or absence at the time of the tort" by the principal wrongdoer).

*Linde*, like *Licci*, does not envision that a bank (or its managers) can be liable on an aiding-and-abetting theory to shareholders who were not injured by the principal wrongdoer's terrorist attacks. To be sure, the bank (or its managers) may face liability to shareholders under theories of mismanagement—*i.e.*, for breach of a primary, fiduciary duty from management to shareholders. However, that mismanagement theory cannot be parlayed by shareholders into a claim for aiding-and-abetting a terrorist attack, at least when the shareholders were not injured in those attacks. *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1418 (9th Cir. 1995) (cited in Defs.' Reply [ECF 79] at 7) ("The wrongs alleged are in substance fraud, breach of fiduciary duty and misappropriation of funds . . . [a]lthough the conduct was international in scope, no violation of . . . international law is claimed.").

Plaintiffs misportray *Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244 (2d Cir. 2009). The Second Circuit there considered the "purpose" or "knowledge" *mens rea* requirements for ATS aiding-and-abetting claims. 582 F.3d at 258-59. The Court limited ATS liability by adopting the "purpose" standard of Judge Katzmann's *Khulumani* concurrence. *Id.* at 259. Nothing in that *mens rea* holding, however, undermines the distinct Restatement mandate (or the plain implication of *Linde* and *Licci*) that an aiding-and-abetting plaintiff must be injured by the acts of the primary violator. Plaintiffs' presentation of *Sexual Minorities Uganda v. Lively*, 960 F. Supp. 2d 304, 324-25 (D. Mass. 2013) obscures this key point. The plaintiff-entity there allegedly incurred financial damages because it was "targeted as part of the persecutory campaign" of the principal wrongdoer. *See* Defs. Reply at 7 n.12. Plaintiffs here concede they were not injured by the violent acts of Hezbollah, the principal wrongdoer.

Dated: April 16, 2018

Washington, D.C.

Respectfully submitted,

*/s/ Mitchell R. Berger*

Mitchell R. Berger (MB-4112)
SQUIRE PATTON BOGGS (US) LLP
2550 M Street, N.W.
Washington, D.C. 20037
Phone: 202-457-6000
Fax:    202-457-6315

*Attorneys for Defendants Georges Zard Abou Jaoude, Mohamad Hamdoun, and Ahmad Safa*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 16, 2018, a true and correct copy of the foregoing was electronically filed through the Court's CM/ECF system, which will automatically serve all counsel of record.

>                             */s/ Mitchell R. Berger*
>                             Mitchell R. Berger