| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>------------------------------------------------------------X<br>　　　　　　　　　　　　　　　　　　　　　　　:<br>GHAZI ABU NAHL, et al.,　　　　　　　　　　:<br>　　　　　　　　　　　Plaintiffs,　　:<br>　　　　　　　　　　　　　　　　　　　　　　　:<br>　　　　-against-　　　　　　　　　　　　　　　:<br>　　　　　　　　　　　　　　　　　　　　　　　:<br>GEORGES ZARD ABOU JAOUDE, et al.,　　　:<br>　　　　　　　　　　　Defendants.　:<br>------------------------------------------------------------ X | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 1/8/2019<br><br>15 Civ. 9755 (LGS)<br><br>ORDER |

LORNA G. SCHOFIELD, District Judge:

　　WHEREAS, on December 12, 2018, the Court entered an Opinion and Order (the "December 12 Order") granting, in substantial part, Plaintiffs' motion to replead (Dkt. No. 101);

　　WHEREAS, on December 21, 2018, Defendants moved for an Order certifying the December 12 Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) (Dkt. No. 103). It is hereby

　　**ORDERED** that Section III.A.2(b) of the December 12 Order is certified for interlocutory appeal, regarding the question of whether the Second Amended Complaint (Dkt. No. 111) alleges a violation of a norm that is sufficiently "specific, universal, and obligatory" to give rise to liability under the Alien Tort Statute (the "Certified Question"). *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 732 (2004). 28 U.S.C. § 1292(b) provides for certification of an order for interlocutory appeal when the court determines "[1] that such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The first and third requirements of § 1292(b) are met because a ruling against Plaintiffs on the Certified Question would terminate this action. The second requirement is met because there is no controlling law in the Second Circuit on the Certified Question. Especially in light of the Supreme Court's statement that "federal courts must exercise

'great caution' before recognizing new forms of liability under the [Alien Tort Statute]," *Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386, 1403 (2018) (quoting *Sosa*, 542 U.S. at 728), certification of Section III.A.2(b) of the December 12 Order for interlocutory appeal is warranted.  It is further

**ORDERED** that this case is stayed pending resolution of the interlocutory appeal.  The parties shall file a joint status letter apprising the Court of the proceedings in the Second Circuit on **March 8, 2019**, and every 45 days thereafter.

The Clerk of Court is respectfully directed to close the motion at Docket No. 103.

Dated: January 8, 2019
       New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**